IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. |
| | ) CV-06- 2:06CV412-DRB |
| E & R MANUFACTURING COMPANY, INC., Fictitious Defendants 1, 2, 3, 4, 5, those persons, corporations, or other legal entities who or which manufactured, sold, designed or participated in the design of the E & R Block Splitter Machine which is the subject matter of this lawsuit; Fictitious Defendants 6, 7, 8, 9, 10, Those persons, corporations, or other legal entities who had responsibility for maintenance or repair of the E& R Block Splitter machine which is the subject matter of this lawsuit; Fictitious Defendants 11, 12, 13, 14, 15, those persons, corporations, or other legal entities whose negligence, willfulness, wantonness, or other wrongful conduct caused the injury to Plaintiffs; all of said Fictitious parties are unknown to Plaintiffs at this time, but will be added by Amendment when ascertained, | ) ) ) ) ) ) DEMAND FOR JURY TRIAL ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

1

## COMPLAINT

## STATEMENT OF THE PARTIES

1. Plaintiff, David Jackson, is over the age of nineteen (19) years and is a resident citizen of Leesburg, Georgia.

2. Defendant E & R Manufacturing Company Machine, Inc., (hereinafter referred to as "E & R" or "E&R Manufacturing") is upon information and belief a foreign corporation doing business in the State of Alabama in Covington County, Alabama.

3. Fictitious Defendants 1, 2, 3, 4, 5 are those persons, corporations, or other legal entities who or which manufactured, sold, designed or participated in the design of the E & R Manufacturing Company block splitter machine manufactured by Defendant E & R Manufacturing Company, which is the subject matter of this lawsuit.

4. Fictitious Defendant 6, 7, 8, 9, 10 are those persons, corporations, or other legal entities who had responsibility for maintenance or repair of the E & R Manufacturing Company block splitter machine manufactured by Defendant E & R Manufacturing Company which is the subject matter of this lawsuit.

5. Fictitious Defendants 11, 12, 13, 14, 15, are those persons, corporations, or other legal entities whose negligence, willfulness, wantonness, or other wrongful conduct caused the injury to Plaintiffs.

6. Throughout this Complaint, the term "Defendants" shall include Defendants E & R Manufacturing Company, Inc., and Fictitious Defendants 1 through 15, unless otherwise stated.

## STATEMENT OF THE FACTS

7. On or about December 17, 2004, Plaintiff David Jackson, was an employee of Able Body Temp Services stationed at Concrete & Asphalt Construction/Couch Ready Mix USA in Andalusia, Covington County, Alabama.

8. On the date of injury, Plaintiff was engaged in his normal job duties in operating a block splitter machine (hereafter "the machine" or "subject machine").

9. The block splitter machine was designed, engineered, manufactured and marketed by Defendant E & R Manufacturing Company, Inc.

10. While operating the E&R Manufacturing block splitter machine Plaintiff's hand became caught and entrapped in the machine. As a result, Plaintiff suffered severe injuries resulting in the amputation of multiple fingers on his right hand.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

11. Plaintiff re-alleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

12. Defendants E & R Manufacturing Company Machine, Inc., and Fictitious defendants 1, 2, 3, 4, 5 designed, manufactured, sold, or distributed the E & R Manufacturing Company Block splitter machine which is the subject matter of this lawsuit.

13. The E & R Manufacturing Company Block splitter machine as manufactured, designed, sold and distributed by Defendants E & R Manufacturing Company Machine, Inc., and Fictitious defendants 1, 2, 3, 4, 5, was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury to the expected or intended users.

14. The subject machine was unreasonably dangerous by design, manufacture,

and warnings that accompanied it.

15. As a proximate consequence of the defective nature of the subject machine, Plaintiff David Jackson was seriously injured when his right hand became caught in the machine, and he suffered severe and permanent injuries that resulted in the amputation of three fingers on his right hand. He was caused to be hospitalized; he was caused to undergo surgery and will be required to undergo surgery in the future; he was caused to suffer severe mental and physical pain and will do so in the future; he is permanently disabled; he is permanently scarred and disfigured; he has incurred substantial medical expenses and will do so in the future; he has lost earnings and will continue to do so into the future and has lost his earning capacity; he has lost the enjoyment of life and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendant E & R Manufacturing Company and Fictitious defendants 1, 2, 3, 4, 5 for compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT TWO
### (Negligence)

16. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

17. Defendants E & R Manufacturing Company and Fictitious defendants 1 through 15 negligently designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject Block splitter machine in a defective or unreasonably dangerous condition.

18. Defendant E & R Manufacturing Company and Fictitious Defendants 1

through 15 negligently failed to warn of the potential hazard associated with the use of its product and negligently failed to issue a notice of the hazard or recall regarding the hazard.

19. As a proximate consequence of the negligence of Defendant E & R Manufacturing Company and Fictitious Defendants 1 though 15, Plaintiff David Jackson was injured as alleged in paragraph 15 above.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

20. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

21. Defendants E & R Manufacturing Company and Fictitious Defendants 1 through 15 wantonly designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject block splitter machine in a defective or unreasonably dangerous condition.

22. Defendants E & R Manufacturing Company and Fictitious Defendants 1 thought 15 knew or should have known that failing to design a reasonably safe product could result in severe injury to expected or intended users.

23. Defendants E & R Manufacturing Company and Fictitious Defendants wantonly failed to warn of the potential hazard associated with use of its product and failed to issue a notice of the hazard or recall regarding the hazard.

24. As a proximate consequence of the wantonness of Defendants E & R

Manufacturing Company and Fictitious Defendants 1 through 15, Plaintiff David Jackson was injured as alleged in paragraph 15 above.

WHEREFORE, Plaintiff David Jackson demands judgment against said Defendants in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

### COUNT FOUR

25. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

26. At the aforementioned times and places, Defendants, named and Fictitious negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff David Jackson as set forth in Paragraph 15 hereinabove.

27. As a proximate consequence of the negligent, reckless, wanton, and willful actions and/or omissions of said Defendants, named and fictitious, Plaintiff David Jackson suffered injuries as set forth in paragraph 15 hereinabove.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

_____
S. Mark Andrews (AND063)
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE, JONES & DRIGGERS
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL


**DEFENDANTS MAY BE SERVED AT:**

**E & R MANUFACTURING COMPANY, INC.**
**P.O. BOX 68**
**KIRKLIN, IN  46050**