IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO.: |
| | ) | 2:06 CV0412-DRB |
| E & R MANUFACTURING CO., INC., | ) | |
| et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ANSWER TO COMPLAINT

Comes now Defendant, E & R Manufacturing Company, Inc., and for answer to Plaintiff's Complaint in the above styled cause, says as follows:

1.  This Defendant admits the allegations of paragraph one (numbered 1) of the Statement of the Parties of Plaintiff's Complaint.

2.  This Defendant avers it is a corporation organized under the laws of the State of Indiana.

3.  The allegations of paragraph three (numbered 3) of the Statement of the Parties of the Plaintiff's Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

4.  The allegations of paragraph four (numbered 4) of the Statement of the Parties of the Plaintiff's Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

5.  The allegations of paragraph five (numbered 5) of the Statement of the Parties of the Plaintiff's Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

6.  The allegations of paragraph six (numbered 6) of the Statement of the Parties of the Plaintiff's Complaint does not require a response.

7.  This Defendant lacks sufficient information to either admit or deny the allegations of paragraph seven (numbered 7) of the Statement of the Facts of Plaintiff's Complaint.

8.  This Defendant lacks sufficient information to either admit or deny the allegations of paragraph eight (numbered 8) of the Statement of the Facts of Plaintiff's Complaint.

9.  This Defendant avers that no proof has been provided to substantiate the Plaintiff allegation that he was operating a block splitter machine designed, engineered, manufactured and marketed by this Defendant at the time of his alleged injury. Defendant denies the allegations of paragraph nine (numbered 9) of the Statement of the Facts of Plaintiff's Complaint.

10.  This Defendant denies the allegations of paragraph ten (numbered 10) of the Statement of the Facts of Plaintiff's Complaint and demands strict proof thereof.

11.  This Defendant re-avers and adopts the defenses of paragraphs 1 through 10 above as if fully set forth herein.

12.  This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegations that the block splitter machine made the subject of this lawsuit was

designed, engineered, manufactured and marketed by this Defendant.  Defendant denies the allegations of paragraph twelve (numbered 12) Count One of Plaintiff's Complaint.

13.  This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant.  Defendant denies the allegations of paragraph thirteen (numbered 13) Count One of Plaintiff's Complaint.

14.  This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant.  Defendant denies the allegations of paragraph fourteen (numbered 14) Count One of Plaintiff's Complaint.

15.  This Defendant denies the allegations of paragraph fifteen (numbered 15) Count One of the Plaintiff's Complaint, material or otherwise, and demands strict proof thereof.

16.  This Defendant re-avers and adopts the defenses of paragraphs 1 through 15 above as if fully set forth herein.

17.  This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant.  Defendant denies the allegations of paragraph twelve (numbered 12) Count Two of Plaintiff's Complaint.

18.  This Defendant denies the allegations of paragraph eighteen (numbered 18) Count Two of Plaintiff's Complaint.

19. This Defendant denies the allegations of paragraph nineteen (numbered 19) Count Two of Plaintiff's Complaint, material or otherwise, and demands strict proof thereof.

20. This Defendant re-avers and adopts the defenses of paragraphs 1 through 19 above as if fully set forth herein.

21. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph twenty one (numbered 21) Count Three of Plaintiff's Complaint.

22. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph twenty two (numbered 22) Count Three of Plaintiff's Complaint.

23. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph twenty three (numbered 23) Count Three of Plaintiff's Complaint.

24. This Defendant denies the allegations of paragraph twenty four (number 24) Count Three of Plaintiff's Complaint, material or otherwise, and demands strict proof thereof.

25.  This Defendant re-avers and adopts the defenses of paragraphs 1 through 24 above as if fully set forth herein.

26.  This Defendant denies the allegations of paragraph twenty six (numbered 26) Count Four of Plaintiff's Complaint, material or otherwise, and demands strict proof thereof.

27.  This Defendant denies the allegations of paragraph twenty seven (numbered 27) Count Four of Plaintiff's Complaint, material or otherwise, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

This Defendant denies that it is guilty of negligence and wantonness, and further denies that the product at issue, identified in the Complaint as a block splitter machine and its component parts ("the product"), is defective or unreasonably dangerous or that this Defendant is liable to plaintiff under the Alabama Extended Manufacturers Liability Doctrine.

### THIRD DEFENSE

This Defendant avers that Plaintiff was guilty of contributory negligence and/or contributory negligence with respect to his use of the product, which proximately caused or contributed to cause Plaintiffs alleged injuries and damages, and therefore, some or all of the plaintiff's claims against this Defendant are barred.

## FOURTH DEFENSE

This Defendant avers that Plaintiff's injuries were a result of an intervening agency other than this Defendant's alleged negligence, alleged wantonness, or the alleged defects in the product and that the alleged defects, alleged wantonness and alleged negligence were not the cause of Plaintiff's alleged injuries and damages, and therefore, some or all of Plaintiff's claims against this Defendant are barred.

## FIFTH DEFENSE

Plaintiff's claimed injuries were the result of Plaintiff David Jackson's assumption of the risk, which was the proximate cause of Plaintiff's claimed injuries, and neither this Defendant's alleged negligence nor the alleged defects in the product were the proximate cause of the Plaintiff's injuries and damages.

## SIXTH DEFENSE

Plaintiff David Jackson was guilty of abuse or misuse of the product, which proximately caused or contributed to cause the Plaintiff's alleged injuries and damages, and therefore, some or all of Plaintiff's claims against this Defendant are barred.

## SEVENTH DEFENSE

This Defendant denies that its conduct was the proximate cause or cause-in-fact of the Plaintiff's alleged injuries and damages.

## EIGHTH DEFENSE

Some or all of the Plaintiff's alleged injuries and damages were caused by the acts and omissions of others for whom this Defendant owes no legal responsibility.

## NINTH DEFENSE

Plaintiff's claims against E & R Manufacturing Company, Inc. are barred in whole or part because there is no causal relation between the product or any act or omission of this Defendant and Plaintiff's alleged injuries and damages.

## TENTH DEFENSE

Plaintiff's claims against this Defendant are barred in whole or part by the provisions of the Alabama Workers' Compensation Laws, Ala. Code §25-5-1, et seq., including but not limited to the exclusivity provisions.

## ELEVENTH DEFENSE

Imposition of liability on this Defendant for a product design which was in conformance with standards set by the United States Government would be contrary to the public policy and Constitutions of Alabama and the United States, including but not limited to the protections afforded by the due process clauses of said Constitutions.

## TWELTH DEFENSE

The state of knowledge, or state of the art, at the time of manufacture and/or distribution of the product, did no reasonably allow this Defendant to know about, or to take steps sufficient to alleviate, the alleged risks of which Plaintiff complains, and therefore, some or all of Plaintiff's claims against this Defendant are barred.

## THIRTEENTH  DEFENSE

The injuries, losses, damages and occurrences alleged in the Complaint were the result of an independent and intervening or superseding negligence, fault and/or wrongful conduct or causes of one or more persons or entities concerning which this Defendant had

no control nor right of control and in no way participated, and therefore, some or all of Plaintiff's claims against this Defendant are barred.

## FOURTEENTH DEFENSE

Plaintiff's claims against this Defendant are barred in whole or part because (a) the risk of danger plaintiff alleges caused his injuries and damages was open and obvious to a reasonable user of the product, and thus, no warning was required; or (b) even if not open or obvious plaintiff actually knew and appreciated said risks or dangers; or (c) the warnings which accompanied the product were sufficient to alert a reasonable user to the risk or danger.

## FIFTEENTH DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine, which Plaintiff contends is applicable in this case, is constitutionally void in that:

(a)    It operated to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of this Defendant, separately and severally, with the result that:

(i)    It deprives this Defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution prescribing any state from depriving a person of property without due process of law; and

(ii)    Separately, it deprives this Defendant of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and

specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the Plaintiff is not entitled to recover in this cause against this Defendant.

(b)     It denies this Defendant the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would amount to an unreasonable classification, and hence the Plaintiff is not entitled to recover against this Defendant.

(c)     The attempted imposition of strict liability in this case against this Defendant operates to deny this Defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which requires the state to afford all persons equal protection of law with the result that the plaintiff is not entitled to recover against this Defendant in this case.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the provisions of the Second Restatement of Torts; Product Liability §402A and comments thereto, and/or by the Third Restatement of Torts.

## SEVENTEENTH DEFENSE

Plaintiff's claims and damages are barred in whole or part by failure to mitigate damages.

## EIGHTEENTH DEFENSE

Plaintiff's claims and damages are barred in whole or part by the doctrines of avoidable consequences.

## NINETEENTH DEFENSE

Imposition of punitive damages in this action against this Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and this Defendant's guarantee of equal protection as required by the United States Constitution.

## TWENTIETH DEFENSE

Unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-FIRST DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages issues would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

## TWENTY-SECOND DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the

appropriate size, of a punitive damages award, (2) is not instructed on the limits on

punitive damages imposed by the applicable principles of deterrence and punishment, (3)

is not prohibited from awarding punitive damages, or determining the amount of an

award of punitive damages, in whole or in part, on the basis of invidiously discriminatory

characteristics, including the corporate status of this Defendant, (4) is permitted to award

punitive damages under a standard for determining liability for punitive damages that is

vague and arbitrary and does not define with sufficient clarity the conduct or mental state

that makes punitive damages permissible, and (5) is not subject to judicial review on the

basis of objective standards, would violate this Defendant's due process and equal

protection rights guaranteed by the Fourteenth Amendment to the United States

Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into

the Fourteenth Amendment, and by the Alabama constitutional provisions providing for

due process, equal protection, and guarantee against double jeopardy.

### TWENTY-THIRD DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained

because an award of punitive damages under Alabama law for the purpose of

compensating Plaintiff for elements of damage not otherwise recognized by Alabama law

would violate this Defendant's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by the due process provisions of the

Alabama Constitution.

### TWENTY-FOURTH DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained

because an award of punitive damages under Alabama law without proof of every

element beyond a reasonable doubt would violate this Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Any claim for punitive damages cannot be sustained because an award of punitive damages under state law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate this Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## TWENTY-SIXTH DEFENSE

Any award of punitive damages based on anything other than E & R Manufacturing Company, Inc.'s conduct in connection with the sale of the specific product that is the subject of this case, as opposed to any act or omission outside of this state, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guaranty against double jeopardy, because any other

judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong.

## TWENTY-SEVENTH DEFENSE

This Defendant asserts as a set-off any monies already received or to be received by the Plaintiff for the alleged injuries or damages suffered in or attributed to the accident, including, but not limited to, any insurance proceeds.

## TWENTY-EIGHTH DEFENSE

The claim of Plaintiff for pain and suffering against this Defendant cannot be sustained, because an award of such damages under Alabama law subject to no predetermined limit or clearly stated objective standard, such as a maximum multiple of out-of-pocket damages or a maximum amount, on the amount of such damages that a jury may impose, would violate this Defendant's due process and equal protection rights guaranteed by the United States Constitution and by the due process and equal protection provisions of the Constitution of the State of Alabama.

## TWENTY-NINTH DEFENSE

Imposition of damages for pain and suffering in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## THIRTIETH DEFENSE

The procedure and methods asserted for awarding damages for pain and suffering in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### THIRTY-FIRST DEFENSE

Any express or implied warranties were disclaimed, barring Plaintiff's warranty claims in whole or in part.

### THIRTY-SECOND DEFENSE

Plaintiff's warranty claims are barred in whole or part by the plaintiff's failure to give notice as required by Alabama law.

### THIRTY-THIRD DEFENSE

Plaintiff's warranty claims are barred by absence of privity of contract between plaintiff and this Defendant.

### THIRTY-FOURTH DEFENSE

This Defendant avers that the warranty obligations it owed to the Plaintiff, if any, are controlled and limited by this Defendant's standard written limited warranty regarding the product, including all limitations and exclusions thereof.

### THIRTY-FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of repose.

### THIRTY-SIXTH DEFENSE

Some or all of Plaintiff's claims are barred because of spoliation of evidence.

### THIRTY-SEVENTH DEFENSE

This Defendant avers that Plaintiff's warranty claims are barred under Alabama law, specifically, the case of <u>Ex Parte General Motors Corp.</u>, 769 So.2d 903 (ala. 1999).

Dated this the 2nd day of June, 2006.

/s/ Steadman S. Shealy, Jr.
Steadman S. Shealy, Jr. (SHE023)
ASB 2193-Y88S
Attorney for Defendant, E & R Mfg. Co., Inc.

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
P. O. Box 6346
Dothan, AL 36302-6346
(334) 677-3000
Fax (334) 677-0030

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day mailed a copy of the foregoing, properly addressed and postage prepaid, to:

S. Mark Andrews
Morris, Cary, Andrews,
Talmadge, Jones & Driggers
P. O. Box 1649
Dothan, AL 36302

This the 2nd day of June, 2006.

/s/ Steadman S. Shealy, Jr.