IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>E & R MANUFACTURING )<br>COMPANY, INC., )<br>CARY MACKEY, )<br>Fictitious Defendants 1, 2, 3, 4, 5, )<br>those persons, corporations, )<br>or other legal entities who )<br>or which manufactured, sold, )<br>designed or participated )<br>in the design of the )<br>E & R Block Splitter Machine )<br>which is the subject matter of this )<br>lawsuit; )<br>Fictitious Defendants 6, 7, 8, 9, 10, )<br>Those persons, corporations, )<br>or other legal entities )<br>who had responsibility )<br>for maintenance or repair of the )<br>E& R Block Splitter machine )<br>which is the subject matter )<br>of this lawsuit; )<br>Fictitious Defendants )<br>11, 12, 13, 14, 15, those persons, )<br>corporations, or other legal entities )<br>whose negligence, willfulness, )<br>wantonness, or )<br>other wrongful conduct caused the )<br>injury to Plaintiffs; all of said )<br>Fictitious parties are unknown to )<br>Plaintiffs at this time, but will be )<br>added by Amendment when )<br>ascertained, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:06CV0412-WHA-DRB<br><br>DEMAND FOR JURY TRIAL |

1

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes Now the Plaintiff, David Jackson, in the above styled action and hereby Amends his Complaint so as to read as follows:

## STATEMENT OF THE PARTIES

1. Plaintiff, David Jackson, is over the age of nineteen (19) years and is a resident citizen of Leesburg, Georgia.

2. Defendant E & R Manufacturing Company Machine, Inc., (hereinafter referred to as "E & R" or "E&R Manufacturing") is upon information and belief a foreign corporation doing business in the State of Alabama in Covington County, Alabama.

3. Fictitious Defendants 1, 2, 3, 4, 5 are those persons, corporations, or other legal entities who or which manufactured, sold, designed or participated in the design of the E & R Manufacturing Company block splitter machine manufactured by Defendant E & R Manufacturing Company, which is the subject matter of this lawsuit.

4. Fictitious Defendant 6, 7, 8, 9, 10 are those persons, corporations, or other legal entities who had responsibility for maintenance or repair of the E & R Manufacturing Company block splitter machine manufactured by Defendant E & R Manufacturing Company which is the subject matter of this lawsuit.

5. Fictitious Defendants 11, 12, 13, 14, 15, are those persons, corporations, or other legal entities whose negligence, willfulness, wantonness, or other wrongful conduct caused the injury to Plaintiffs.

6. Throughout this Complaint, the term "Defendants" shall include Defendants E & R Manufacturing Company, Inc., and Fictitious Defendants 1 through 15, unless

otherwise stated.

## STATEMENT OF THE FACTS

7.   On or about December 17, 2004, Plaintiff David Jackson, was an employee of Able Body Temp Services stationed at Concrete & Asphalt Construction/Couch Ready Mix USA in Andalusia, Covington County, Alabama.

8.   On the date of injury, Plaintiff was engaged in his normal job duties in operating a block splitter machine (hereafter "the machine" or "subject machine").

9.   The block splitter machine was designed, engineered, manufactured and marketed by Defendant E & R Manufacturing Company, Inc.

10.   While operating the E&R Manufacturing block splitter machine Plaintiff's hand became caught and entrapped in the machine. As a result, Plaintiff suffered severe injuries resulting in the amputation of multiple fingers on his right hand.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

11.   Plaintiff re-alleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

12.   Defendants E & R Manufacturing Company Machine, Inc., and Fictitious defendants 1, 2, 3, 4, 5 designed, manufactured, sold, or distributed the E & R Manufacturing Company Block splitter machine which is the subject matter of this lawsuit.

13.   The E & R Manufacturing Company Block splitter machine as manufactured, designed, sold and distributed by Defendants E & R Manufacturing Company Machine, Inc., and Fictitious defendants 1, 2, 3, 4, 5, was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury to the expected or intended users.

14. The subject machine was unreasonably dangerous by design, manufacture, and warnings that accompanied it.

15. As a proximate consequence of the defective nature of the subject machine, Plaintiff David Jackson was seriously injured when his right hand became caught in the machine, and he suffered severe and permanent injuries that resulted in the amputation of three fingers on his right hand. He was caused to be hospitalized; he was caused to undergo surgery and will be required to undergo surgery in the future; he was caused to suffer severe mental and physical pain and will do so in the future; he is permanently disabled; he is permanently scarred and disfigured; he has incurred substantial medical expenses and will do so in the future; he has lost earnings and will continue to do so into the future and has lost his earning capacity; he has lost the enjoyment of life and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendant E & R Manufacturing Company and Fictitious defendants 1, 2, 3, 4, 5 for compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT TWO
### (Negligence)

16. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

17. Defendants E & R Manufacturing Company and Fictitious defendants 1 through 15 negligently designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject Block splitter machine in a defective or unreasonably dangerous condition.

18.     Defendant E & R Manufacturing Company and Fictitious Defendants 1 through 15 negligently failed to warn of the potential hazard associated with the use of its product and negligently failed to issue a notice of the hazard or recall regarding the hazard.

19.     As a proximate consequence of the negligence of Defendant E & R Manufacturing Company and Fictitious Defendants 1 though 15, Plaintiff David Jackson was injured as alleged in paragraph 15 above.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

20.     Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

21.     Defendants E & R Manufacturing Company and Fictitious Defendants 1 through 15 wantonly designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject block splitter machine in a defective or unreasonably dangerous condition.

22.     Defendants E & R Manufacturing Company and Fictitious Defendants 1 thought 15 knew or should have known that failing to design a reasonably safe product could result in severe injury to expected or intended users.

23.     Defendants E & R Manufacturing Company and Fictitious Defendants wantonly failed to warn of the potential hazard associated with use of its product and failed to issue a notice of the hazard or recall regarding the hazard.

24. As a proximate consequence of the wantonness of Defendants E & R Manufacturing Company and Fictitious Defendants 1 through 15, Plaintiff David Jackson was injured as alleged in paragraph 15 above.

WHEREFORE, Plaintiff David Jackson demands judgment against said Defendants in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FOUR

25. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

26. At the aforementioned times and places, Defendants, named and Fictitious negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff David Jackson as set forth in Paragraph 15 hereinabove.

27. As a proximate consequence of the negligent, reckless, wanton, and willful actions and/or omissions of said Defendants, named and fictitious, Plaintiff David Jackson suffered injuries as set forth in paragraph 15 hereinabove.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FIVE

28. Plaintiffs re-allege the allegations of all previous paragraphs of the Complaint as if set out here in full.

29. Defendant Cary Mackey was a co-employee of Plaintiff at the time of the

accident giving rise to this lawsuit.

30. Defendant Cary Mackey is, upon information and belief, the safety supervisor, plant supervisor, and/or otherwise in charge of the plant operations including safety and supervision at Plaintiff's place of employment.

31. Defendant Mackey and Fictitious Defendants 1 through 15 were aware of and/or should have been aware of a guard provided by the manufacturer which could have prevented Plaintiff's accident.

32. Defendant Mackey and Fictitious Defendants 1 through 15 with full knowledge of the guard negligently, recklessly, wantonly and/or willfully removed and/or failed to install the safety devices provided by the manufacturer.

33. As a direct and proximate result of the removal of the guard, and/or the failure by Defendant Mackey and Fictitious Defendants 1 through 15 to install the safety guard, Plaintiff was injured and damaged as set out in paragraph 21 above.

34. The failure to act by Defendant Mackey and Fictitious Defendants 1 through 15 was negligent, reckless, wanton and/or willful in nature.

35. Plaintiff brings this cause of action pursuant to Alabama Code § 25-5-11 (1975).

WHEREFORE, Plaintiff Stephen Adams demands judgment against said Defendants in such an amount of damages as a jury may award for his personal injuries and other damages, plus the cost of this action.

## COUNT SIX

36. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

37. Defendants 11 through 15 were the worker's compensation carrier and/or workers compensation administrator for Plaintiff's employer at the time of the accident that forms the basis of this lawsuit, and prior thereto.

38. Said Defendants assumed the duty, and were otherwise under a duty, to inspect and approve for safety the workplace premises where Plaintiff was injured.

39. Said Defendants were aware of and/or should have been aware of the defective nature of the subject machine, and otherwise should have been known of an available guard and or other safety device that could have prevented Plaintiff's accident.

40. Said Defendants with full knowledge of the guard negligently, recklessly, wantonly and/or willfully removed and/or failed to install the safety devices provided by the manufacturer in violation of Section 25-5-11 of the Code of Alabama (1975).

41. Said Defendants negligently, recklessly, wantonly, and/or willfully failed to properly inspect the workplace premises for safety where Plaintiff was injured, and negligently, recklessly, wantonly, and/or willfully failed to provide Plaintiff with a safe place to work.

42. As a proximate consequence of the negligent, reckless, wanton and willful actions and omissions of Fictitious Defendants 10 through 15, Plaintiff David Jackson suffered personal injury and damages as alleged in paragraph 15 hereinabove.

43. Plaintiff brings this cause of action pursuant to Alabama Code § 25-5-11 (1975).

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury may award, plus

the cost of this action.

Dated this __27__ day of June, 2006.

_____
S. Mark Andrews (AND063)
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE, JONES & DRIGGERS
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

**DEFENDANTS MAY BE SERVED AT:**

**CARY MACKEY**
**COUCH READY MIX USA**
**HIGHWAY 29 NORTH**
**ANDALUSIA, AL 36420**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the __27__ day of June, 2006 mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Steadman Shealy, Esq.
Cobb, Shealy, Crum & Derrick
P.O. Box 6346
Dothan, AL 36302

_____
S. Mark Andrews (AND063)