IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 2:06CV0412-WHA-DRB |
| E & R MANUFACTURING ) | |
| COMPANY, INC., ) | DEMAND FOR JURY TRIAL |
| CARY MACKEY, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes Now the Plaintiff, David Jackson, in the above styled action and hereby Amends his Complaint so as to read as follows:

## STATEMENT OF THE PARTIES

1. Plaintiff, David Jackson, is over the age of nineteen (19) years and is a resident citizen of Leesburg, Georgia.

2. Defendant E & R Manufacturing Company, Inc., (hereinafter referred to as "E & R" or "E&R Manufacturing") is, upon information and belief, a foreign corporation, with its principle place of business in Kirklin, Indiana, with its State of Incorporation in Indiana, and was doing business at all times material hereto in Covington County, Alabama.

3. Defendant Cary Mackey, upon information and belief, is a citizen and resident of the State of Alabama.

## STATEMENT OF THE FACTS

4. On or about December 17, 2004, Plaintiff David Jackson, was an employee of Able Body Temp Services stationed at Concrete & Asphalt Construction/Couch Ready Mix USA in Andalusia, Covington County, Alabama.

5. On the date of injury, Plaintiff was engaged in his normal job duties in operating a block splitter machine (hereafter "the machine" or "subject machine").

6. The block splitter machine was designed, engineered, manufactured and marketed by Defendant E & R Manufacturing Company, Inc.

7. While operating the E&R Manufacturing block splitter machine Plaintiff's hand became caught and entrapped in the machine. As a result, Plaintiff suffered severe injuries resulting in the amputation of multiple fingers on his right hand.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

8. Plaintiff re-alleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

9. Defendants E & R Manufacturing Company, Inc., designed, manufactured, sold, or distributed the E & R Manufacturing Company Block splitter machine which is the subject matter of this lawsuit.

10. The E & R Manufacturing Company Block splitter machine as manufactured, designed, sold and distributed by Defendants E & R Manufacturing Company Machine, Inc., was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury to the expected or intended users.

11. The subject machine was unreasonably dangerous by design, manufacture,

and warnings that accompanied it.

12.     As a proximate consequence of the defective nature of the subject machine, Plaintiff David Jackson was seriously injured when his right hand became caught in the machine, and he suffered severe and permanent injuries that resulted in the amputation of three fingers on his right hand.  He was caused to be hospitalized; he was caused to undergo surgery and will be required to undergo surgery in the future; he was caused to suffer severe mental and physical pain and will do so in the future; he is permanently disabled; he is permanently scarred and disfigured; he has incurred substantial medical expenses and will do so in the future; he has lost earnings and will continue to do so into the future and has lost his earning capacity; he has lost the enjoyment of life and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants for compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT TWO
**(Negligence)**

13.     Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

14.     Defendants E & R Manufacturing Company, Inc., negligently designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject Block splitter machine in a defective or unreasonably dangerous condition.

15.     Defendant E & R Manufacturing Company, Inc., negligently failed to warn of the potential hazard associated with the use of its product and negligently failed to issue a notice of the hazard or recall regarding the hazard.

16. As a proximate consequence of the negligence of Defendant E & R Manufacturing Company, Plaintiff David Jackson was injured as alleged in paragraph 12 above.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

17. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

18. Defendants E & R Manufacturing Company wantonly designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject block splitter machine in a defective or unreasonably dangerous condition.

19. Defendants E & R Manufacturing Company knew or should have known that failing to design a reasonably safe product could result in severe injury to expected or intended users.

20. Defendants E & R Manufacturing Company wantonly failed to warn of the potential hazard associated with use of its product and failed to issue a notice of the hazard or recall regarding the hazard.

21. As a proximate consequence of the wantonness of Defendants E & R Manufacturing Company, Plaintiff David Jackson was injured as alleged in paragraph 12 above.

WHEREFORE, Plaintiff David Jackson demands judgment against said Defendants in such an amount of compensatory and punitive damages as a jury may

award, plus the cost of this action.

## COUNT FOUR

22. Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

23. At the aforementioned times and places, Defendants negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff David Jackson as set forth in Paragraph 15 hereinabove.

24. As a proximate consequence of the negligent, reckless, wanton, and willful actions and/or omissions of said Defendants Plaintiff David Jackson suffered injuries as set forth in paragraph 12 hereinabove.

WHEREFORE, Plaintiff David Jackson demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FIVE

25. Plaintiffs re-allege the allegations of all previous paragraphs of the Complaint as if set out here in full.

26. Defendant Cary Mackey was a co-employee of Plaintiff at the time of the accident giving rise to this lawsuit.

27. Defendant Cary Mackey is, upon information and belief, the safety supervisor, plant supervisor, and/or otherwise in charge of the plant operations including safety and supervision at Plaintiff's place of employment.

28. Defendant Mackey was aware of and/or should have been aware of a guard provided by the manufacturer which could have prevented Plaintiff's accident.

29. Defendant Mackey with full knowledge of the guard negligently, recklessly, wantonly and/or willfully removed and/or failed to install the safety devices provided by the manufacturer.

30. As a direct and proximate result of the removal of the guard, and/or the failure by Defendant Mackey to install the safety guard, Plaintiff was injured and damaged as set out in paragraph 12 above.

31. The failure to act by Defendant Mackey was negligent, reckless, wanton and/or willful in nature.

32. Plaintiff brings this cause of action pursuant to Alabama Code § 25-5-11 (1975).

WHEREFORE, Plaintiff David Jackson demands judgment against said Defendants in such an amount of damages as a jury may award for his personal injuries and other damages, plus the cost of this action.

Dated this __18th__ day of July, 2006.

/s/ S. Mark Andrews\
**S. Mark Andrews (AND063)**\
Attorney for Plaintiff\
MORRIS, CARY, ANDREWS,\
TALMADGE, JONES & DRIGGERS\
P.O. Box 1649\
Dothan, Alabama  36302\
(334) 792-1420

### JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

                        /s/ S. Mark Andrews
                        OF COUNSEL

**DEFENDANTS MAY BE SERVED AT:**

**CARY MACKEY**
**COUCH READY MIX USA**
**HIGHWAY 29 NORTH**
**ANDALUSIA, AL 36420**

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the __18th__ day of July, 2006 mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Steadman Shealy, Esq.
Cobb, Shealy, Crum & Derrick
P.O. Box 6346
Dothan, AL 36302

                        /s/ S. Mark Andrews
                        S. Mark Andrews (AND063)