IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 2:06CV-0412-WHA-DRB |
| E & R MANUFACTURING CO., ) | |
| INC., CARY MACKEY, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANT CARY MACKEY
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMES NOW** the Defendant, **CARY MACKEY**, and for Answer to the Plaintiff's First Amended Complaint, states and shows as follows:

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Plaintiff's Amended Complaint.

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Plaintiff's Amended Complaint.

3. This Defendant admits that he is a resident of the State of Alabama.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Plaintiff's Amended Complaint.

5. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Plaintiff's Amended Complaint.

6. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Plaintiff's Amended Complaint.

7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Plaintiff's Amended Complaint.

8. This Defendant adopts and incorporates the denials and averments contained in the preceding paragraphs and restates them as if fully set out herein.

9. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Plaintiff's Amended Complaint.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Plaintiff's Amended Complaint.

11. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Plaintiff's Amended Complaint.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Plaintiff's Amended Complaint.

13. This Defendant adopts and incorporates the denials and averments contained in the preceding paragraphs and restates them as if fully set out herein.

14. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Plaintiff's Amended Complaint.

15. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Plaintiff's Amended Complaint.

16. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Plaintiff's Amended Complaint.

17. This Defendant adopts and incorporates the denials and averments contained in the preceding paragraphs and restates them as if fully set out herein.

18. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Plaintiff's Amended Complaint.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Plaintiff's Amended Complaint.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty of the Plaintiff's Amended Complaint.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Plaintiff's Amended Complaint.

22. This Defendant adopts and incorporates the denials and averments contained in the preceding paragraphs and restates them as if fully set out herein.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Plaintiff's Amended Complaint.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Plaintiff's Amended Complaint.

25. This Defendant adopts and incorporates the denials and averments contained in the preceding paragraphs and restates them as if fully set out herein.

26. This Defendant admits that he was the plant manager at the time of the accident.

27. This Defendant admits that he was the plant manager, but denies the remaining allegations contained in paragraph 27 and demands strict proof thereof.

28. This Defendant denies the allegations contained in paragraph 28 and demands strict proof thereof.

29. This Defendant denies the allegations contained in paragraph 29 and demands strict proof thereof.

30. This Defendant denies the allegations contained in paragraph 30 and demands strict proof thereof.

31. This Defendant denies the allegations contained in paragraph 31 and demands strict proof thereof.

32. This paragraph does not require a response of this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant avers that at the time and place of the accident in question, Plaintiff was guilty of negligence which directly contributed to cause the accident and injuries in question.

### SECOND DEFENSE

The Defendant pleads assumption of the risk.

### THIRD DEFENSE

The Defendant denies that there is any causal relationship between the conduct of the Defendant and the injury to the Plaintiff as alleged in the Amended Complaint.

### FOURTH DEFENSE

The Plaintiff's injuries were caused by the acts or omissions of others for whom Defendant owed no legal responsibility.

### FIFTH DEFENSE

The Defendant states that the Plaintiff failed to exercise ordinary care for his own protection.

### SIXTH DEFENSE

The Defendant states that the injuries sustained by the Plaintiff were caused by an intervening, superseding action for which the Defendant is in no way liable.

### SEVENTH DEFENSE

The Defendant avers that the claims of the Plaintiff are barred by the exclusivity provisions of the Alabama Worker's Compensation Act.

**EIGHTH DEFENSE**

The Defendant pleads immunity.

**NINTH DEFENSE**

The Defendant avers that he is immune from suit as a fellow co-employee of the Plaintiff.

**TENTH DEFENSE**

The Defendant avers that there is an absence of any tort upon which relief can be granted and that the Defendant did not willfully or intentionally injure the Plaintiff and did not otherwise remove any guard or safety device.

**ELEVENTH DEFENSE**

The Defendant states that the sole proximate cause of the injuries allegedly sustained by the Plaintiff was the combination of actions, non-actions, or negligence of a person or persons other than the Defendant, for whose actions, non-actions, or negligence the Defendant is in no way liable.

**TWELFTH DEFENSE**

This Defendant denies that it was negligent, wanton, or in any manner breached any duty owed to the Plaintiff.

**THIRTEENTH DEFENSE**

The injuries sustained by the Plaintiffs were caused by an intervening superseding action for which the Defendant is in no way liable.

**FOURTEEN DEFENSE**

This Defendant states that the sole proximate cause of the injuries allegedly sustained by the Plaintiffs was the actions, nonactions, or negligence of a person or persons other than the Defendant, for whose actions, nonactions, or negligence the Defendant is in no way liable.

**FIFTEENTH DEFENSE**

This Defendant states that the sole proximate cause of the injuries allegedly sustained by the Plaintiffs was the combination of actions, nonactions, or negligence of a person or persons other than the Defendant, for whose actions, nonactions, or negligence the Defendant is in no way liable.

**SIXTEENTH DEFENSE**

This Defendant contests the nature and amount of the Plaintiffs' alleged damages.

**SEVENTEENTH DEFENSE**

This Defendant denies that it is legally responsible for or liable to the Plaintiff for the acts or omissions of any co-defendant.

**EIGHTEENTH DEFENSE**

This Defendant denies that there is any causal relationship between the acts of this Defendant and the injuries of the Plaintiff as alleged in the Complaint.

**NINETEENTH DEFENSE**

This Defendant affirmatively pleads efficient intervening cause of a third person that caused or contributed to cause the accident and injuries in question, thereby barring Plaintiffs' recovery from this Defendant.

## TWENTIETH DEFENSE

The Defendant avers the Plaintiffs' claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution prohibition against the imposition of excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I § 15 of the Constitution of Alabama.

## TWENTY-FIRST DEFENSE

The Defendant avers that the Plaintiffs' claim under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment Due Process Clause of the United States Constitution as it involves state action in an arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liberty interest.

## TWENTY-SECOND DEFENSE

The Defendant avers that the Plaintiffs' claim under Alabama law for punitive damages is unconstitutional in that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that it allows for arbitrary changes in permitted punishment for proscribed acts as condemned by the Ex Post Facto Clause of Article I § 10(1) of the United States Constitution.

## TWENTY-THIRD DEFENSE

The absence under Alabama law of a right to contribution among joint tortfeasors or other apportionment of compensatory and/or punitive damages violates this Defendant's rights to due process under the Fifth and Fourteenth Amendments to the Constitution of the United States.

01054572.1/3000-1177

### TWENTY-FOURTH DEFENSE

The Plaintiffs' claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, §6, the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

This Defendant asserts and incorporates by reference all standards or limitations regarding the determination and enforceability of punitive damages set out by the United States Supreme Court in <u>BMW of North America v. Gore</u>.

### TWENTY-SIXTH DEFENSE

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate State interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, §§1, 6 and 22 of the Constitution of the State of Alabama.

### TWENTY-SEVENTH DEFENSE

An award of punitive damages to the Plaintiff in this action would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

### TWENTY-EIGHTH DEFENSE

An award of punitive damages to the Plaintiff in this action would violate Article I, Sections Six, Ten, Eleven, Thirteen and Fifteen of the Alabama Constitution.

## TWENTY-NINTH DEFENSE

The Plaintiff's claims for punitive damages are subject to the limitations set forth in Alabama Code § 6-11-21 (1975).

## THIRTIETH DEFENSE

This Defendant reserves the right to plead additional affirmative defenses as they become known in the course of discovery.

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY

         s/T. Kelly May
T. Kelly May, (ASB-6090-Y57T)
Christopher S. Rodgers (ASB-4665-G54C)
H. Cannon Lawley, (ASB-3905-L75H)
Attorneys for Defendant, Cary Mackey

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
TEL: (205) 251-1193
FAX: (205) 251-1256

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing on the following by placing a copy of same in the United States Mail, postage paid on this the **18th** day of **August, 2006**:

S. Mark Andrews, Esq.
MORRIS, CARY, ANDREWS,
   TALMADGE, JONES & DRIGGERS
P.O. Box 1649
Dothan, Alabama 36302-1649

Steadman Shealy, Esq.
COBB, SHEALY, CRUM & DERRICK
P.O. Box 6346
Dothan, Alabama 36302-6346

                                                                s/T. Kelly May
                                                                OF COUNSEL