IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO.: |
| | ) | 2:06 CV0412-DRB |
| E & R MANUFACTURING CO., INC., | ) | |
| et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Comes now Defendant, E & R Manufacturing Company, Inc., and for answer to Plaintiff's Second Amended Complaint in the above styled cause, says as follows:

This Defendant reavers and adopts the defenses of its Answer to Complaint and Answer to First Amended Complaint as if fully set forth herein.

1. This Defendant admits the allegations of paragraph one (numbered 1) of the Statement of the Parties of Plaintiff's Second Amended Complaint.

2. This Defendant avers it is a corporation organized under the laws of the State of Indiana, but denies it does business in the State of Alabama, Covington County.

3. The allegations of paragraph three (numbered 3) of the Statement of the Parties of the Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, therefore, said Defendant can neither admit or deny such allegations.

4. The allegations of paragraph four (numbered 4) of the Statement of the Parties of the Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, therefore, said Defendant can neither admit or deny such allegations.

5. The allegations of paragraph five (numbered 5) of the Statement of the Facts of Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, therefore, said Defendant can neither admit or deny such allegations.

6. This Defendant lacks sufficient information to either admit or deny the allegations of paragraph six (numbered 6) of the Statement of the Facts of Plaintiff's Second Amended Complaint, but to the extent such allegations could be construed as stating any claim against this Defendant, they are denied.

7. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegations that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph seven (numbered 7) of the Statement of the Facts of Plaintiff's Second Amended Complaint.

8. This Defendant denies the allegations of paragraph eight (numbered 8) of the Statement of the Facts of Plaintiff's Second Amended Complaint.

9. This Defendant reavers and adopts the defenses set forth in paragraphs 1 through 9 above as if fully set forth herein.

10. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph ten (numbered 10) Count One of Plaintiff's Second Amended Complaint.

11. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was

designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph eleven (numbered 11) Count One of Plaintiff's Complaint.

12. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph twelve (numbered 12) Count One of Plaintiff's Second Amended Complaint.

13. This Defendant denies the allegations of paragraph thirteen (numbered 13) Count One of Plaintiff's Second Amended Complaint, material or otherwise, and demands strict proof thereof.

14. This Defendant re-avers and adopts the defenses of paragraphs 1 through 13 above as if fully set forth herein.

15. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph fifteen (numbered 15) Count Two of Plaintiff's Second Amended Complaint.

16. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph sixteen (numbered 16) Count Two of Plaintiff's Second Amended Complaint.

17. This Defendant denies the allegations of paragraph seventeen (numbered 17) Count Two of Plaintiff's Second Amended Complaint, material or otherwise, and demands strict proof thereof.

18. This Defendant re-avers and adopts the defenses of paragraphs 1 through 17 above as if fully set forth herein.

19. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph nineteen (numbered 19) Count Three of Plaintiff's Second Amended Complaint.

20. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph twenty (numbered 20) Count Three of Plaintiff's Second Amended Complaint.

21. This Defendant avers that no proof has been provided to substantiate the Plaintiff's allegation that the block splitter machine made the subject of this lawsuit was designed, engineered, manufactured and marketed by this Defendant. Defendant denies the allegations of paragraph twenty one (numbered 21) Count Three of Plaintiff's Second Amended Complaint.

22. This Defendant denies the allegations of paragraph twenty two (numbered 22) Count Three of Plaintiff's Second Amended Complaint, material or otherwise, and demands strict proof thereof.

23. This Defendant reavers and adopts the defenses set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. This Defendant denies the allegations of paragraph twenty four (numbered 24) Count Four of Plaintiff's Second Amended Complaint, material or otherwise, and demands strict proof thereof.

25. This Defendant denies the allegations of paragraph twenty five (numbered 25) Count Four of Plaintiff's Second Amended Complaint, material or otherwise, and demands strict proof thereof.

26. This Defendant reavers and adopts the defenses set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. This Defendant lacks sufficient information to either admit or deny the allegations of paragraph twenty seven (numbered 27) Count Five of Plaintiff's Second Amended Complaint.

28. This Defendant lacks sufficient information to either admit or deny the allegations of paragraph twenty eight (numbered 28) Count Five of Plaintiff's Second Amended Complaint.

29. The allegations of paragraph twenty 29 (numbered 29) Count Five of Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

30. The allegations of paragraph thirty (numbered 30) Count Five of Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, but to

the extent such allegations could be construed as stating any claim against this Defendant they are denied.

    31.  The allegations of paragraph thirty one (numbered 31) Count Five of Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

    32.  The allegations of paragraph thirty two (numbered 32) Count Five of Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

    33.  The allegations of paragraph thirty three (numbered 33) Count Five of Plaintiff's Second Amended Complaint do not appear to relate in any way to this Defendant, but to the extent such allegations could be construed as stating any claim against this Defendant they are denied.

## **AFFIRMATIVE DEFENSES**

    1.  This Defendant reavers and adopts the affirmative defenses of its Answer to Complaint and Answer to First Amended Complaint as if fully set forth herein.

Dated this the 6th day of October, 2006.

/s/ Steadman S. Shealy, Jr.
Steadman S. Shealy, Jr. (SHE023)
ASB 2193-Y88S
Attorney for Defendant, E & R Mfg. Co., Inc.

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
P. O. Box 6346
Dothan, AL 36302-6346
(334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a copy of the foregoing, properly addressed and postage prepaid, to:

S. Mark Andrews
Morris, Cary, Andrews,
Talmadge, Jones & Driggers
P. O. Box 1649
Dothan, AL 36302

T. Kelly May
Huie, Fernambucq & Stewart, LLP
Three Protective Center, Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484

This the 6th day of October, 2006.

/s/ Steadman S. Shealy, Jr.