**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| DAVID JACKSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:06CV0412-WHA-DRB |
| ) | |
| E &R MANUFACTURING ) | |
| COMPANY, INC., CARY MACKEY, ) | |
| BESSER COMPANY, ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANT BESSER COMPANY'S ANSWER TO PLAINTIFF'S SECOND**
**AMENDED COMPLAINT**

Comes now Defendant Besser Company ("Besser"), by and through its undersigned counsel, and for its Answer to Plaintiff's Second Amended Complaint, states as follows:

**AS TO THE STATEMENT OF THE PARTIES**

1. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint ("Second Amended Complaint") and therefore denies the same.

2. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Complaint and therefore denies the same.

3. Besser admits that it is a Michigan corporation with its principal place of business located in Alpena, Michigan. Besser denies the remaining allegations contained in paragraph 3 of the Second Amended Complaint.

4. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint and therefore denies the same.

## AS TO THE STATEMENT OF THE FACTS

5. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Amended Complaint and therefore denies the same.

6. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint and therefore denies the same.

7. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Complaint and therefore denies the same.

8. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint and therefore denies the same.

## AS TO COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

9. Besser incorporates by reference all prior responses herein.

10. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint and therefore denies the same.

11. Besser denies the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Besser denies the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Besser denies the allegations contained in paragraph 13 of the Second Amended Complaint that the Plaintiff was allegedly injured "[a]s a proximate consequence of the defective nature of the subject machine." Besser lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Second Amended Complaint and therefore denies the same.

## AS TO COUNT TWO
### (Negligence)

14. Besser incorporates by reference all prior responses herein.

15. Besser denies the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Besser denies the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Besser denies the allegations contained in paragraph 17 of the Second Amended Complaint.

## AS TO COUNT THREE
### (Wantonness)

18. Besser incorporates by reference all prior responses herein.

19. Besser denies the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Besser denies the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Besser denies the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Besser denies the allegations contained in paragraph 22 of the Second Amended Complaint.

## AS TO COUNT FOUR

23. Besser incorporates by reference all prior responses herein.

24. Besser denies the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Besser denies the allegations contained in paragraph 25 of the Second Amended Complaint.

## AS TO COUNT FIVE

26. Besser incorporates by reference all prior responses herein.

27. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint and therefore denies the same.

28. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint and therefore denies the same.

29. Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint and therefore denies the same.

30.     Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of the Second Amended Complaint and therefore denies the same.

31.     Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Complaint and therefore denies the same.

32.     Besser lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint and therefore denies the same.

33.     Paragraph 33 of the Second Amended Complaint states conclusions of law to which no response is required. To the extent any response is necessary, Besser denies the allegations contained in paragraph 33 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1.     The Plaintiff has failed to state one or more claims upon which relief may be granted.

2.     The Plaintiff has failed to effect sufficient and/or proper service of process upon Besser.

3.     The Court lacks personal jurisdiction over Besser.

4.     Besser denies that it is liable to the Plaintiff under any theory, including the Alabama Extended Manufacturer's Liability Doctrine, negligence or wantonness, and further denies that the product at issue, identified in the Second Amended Complaint as a block splitter machine ("the product"), is/was defective or unreasonably dangerous.

  5. Some or all of the Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

  6. Some or all of the Plaintiff's claims are barred by estoppel, waiver and/or release.

  7. Some or all of the Plaintiff's claims are barred by the doctrine of contributory negligence.

  8. Some or all of the Plaintiff's claims are barred by the doctrine of assumption of the risk.

  9. Some or all of the Plaintiff's claims are barred by a modification and/or alteration to the product.

  10. Some or all the Plaintiff's claims are barred by use of the product in an unintended and/or unforeseen manner.

  11. Some or all of the Plaintiff's claims are barred because the risks of danger that Plaintiff alleges caused his injuries were open and obvious to a reasonable user of the product.

  12. The warnings that accompanied the product were sufficient to alert a reasonable user to the risk or danger.

  13. Some or all of the Plaintiff's claims are barred by the provisions of the Second Restatement of Torts; Product Liability § 402A and comments thereto, and/or by the Third Restatement of Torts.

  14. Some or all of the Plaintiff's claims are barred by the doctrine of avoidable consequences.

  15. Some or all of the Plaintiff's claims are barred by his failure to use reasonable care in operating the product and/or misuse of the product.

16. Plaintiff's employer was a sophisticated purchaser of the product with superior knowledge of the attendant risks associated with the use of the product and a duty to warn its employees, including plaintiff, of such risks.

17. Besser provided instructions and warnings about the use of the product to the purchaser, who had a duty to pass on those instructions and warnings to the Plaintiff or subsequent purchasers of the product.

18. The product was designed and manufactured in accordance with all federal, state and industry regulations, codes and standards in effect at the time of manufacture and sale and therefore was not unreasonably dangerous at the time it left Besser's control if used in a reasonably foreseeable manner.

19. The Plaintiff's claims are barred by the state of the art defense.

20. The Plaintiff's alleged injuries were caused by a supervening and/or intervening cause.

21. The Plaintiff's alleged injuries were caused by the actions of a fellow servant and not the result of a defect or malfunction of the product.

22. The Plaintiff's alleged injuries were caused by the acts or omissions of third parties over whom Besser had no control.

23. The conduct of Besser was not the proximate or factual cause of the Plaintiff's alleged injuries.

24. When the product left Besser's control and/or possession, it was not unreasonably dangerous and/or defective.

25. Some or all of the Plaintiff's claims are barred by the provisions of the Alabama Workers' Compensation Laws, Ala. Code § 25-5-1, et seq. (1975), including but not limited to the exclusivity provisions.

26. The Plaintiff failed to mitigate some or all of his damages, if any.

27. Some or all of the Plaintiff's damages, if any, are speculative, uncertain and hypothetical.

28. The Plaintiff's punitive damages, if any, are limited as set forth in Ala. Code § 6-11-21 (1975).

29. The Plaintiff's punitive damages, if any, may be barred or limited by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

30. The Plaintiff's punitive damages, if any, may be barred or limited by Article I, Sections Six, Ten, Eleven, Thirteen and Fifteen of the Alabama Constitution.

WHEREFORE, Defendant Besser Company respectfully requests that the Court dismiss the Plaintiff's claims; enter judgment in its favor and against the Plaintiff; award Defendant Besser Company its attorney's fees and costs as allowable by law; and grant such other relief the Court deems just and proper.

Dated this 17th day of October, 2006.

By: /s/Constance C. Walker
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendant Besser Company

OF COUNSEL:
Haskell Slaughter & Gallion
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
334-265-8573
334-264-7945 (fax)
mp@hsy.com
ccw@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2006, I electronically filed the foregoing ***Defendant Besser Company's Answer to Plaintiff's Second Amended Complaint*** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing upon the following:

S. Mark Andrews
Morris Cary Andrews Talmadge Jones & Drigger, LLC
P.O. Box 1649
Dothan, AL 36302-1649
mandrews@mcatlaw.com

Steadman S. Shealy, Jr.
Cobb, Shealy, Crum & Derrick, P.A.
P.O. Box 6346
Dothan, AL 36302-6346
sshealy@cobb-shealy.com

Hugh Cannon Lawley
T. Kelly May
Christopher S. Rodgers
Huie, Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
tkm@hfsllp.com
csr@hfsllp.com

/s/Constance C. Walker
OF COUNSEL

9