IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:06CV0412-WHA-DRB |
| ) | |
| E &R MANUFACTURING ) | |
| COMPANY, INC., CARY MACKEY, ) | |
| BESSER COMPANY, ) | |
| ) | |
|    Defendants. ) | |

**JOINT MOTION FOR LEAVE TO MODIFY SCHEDULING ORDER**

**COME NOW**, the plaintiff David Jackson ("Jackson") and the defendants E & R Manufacturing Company, Inc. ("E & R"), Cary Mackey ("Mackey") and Besser Company ("Besser") (collectively the "Parties"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 16(b), and for their Joint Motion for Leave to Modify Scheduling Order, state as follows:

**INTRODUCTION**

1.    The Parties seek leave to modify the Scheduling Order entered by the Court on June 19, 2006 [Docket No. 7] (the "Scheduling Order"). Specifically, the Parties request that the Court enter a new scheduling order, superceding and modifying *in toto* the existing Scheduling Order, including the trial date. Good cause exists for granting this motion. Two new parties, Mackey and Besser, were recently added as defendants in this case. The scope of discovery has expanded and, with the addition of the new parties, only now has begun in earnest. As a result, the existing Scheduling Order is no longer feasible. All of the Parties have stipulated and agreed

to proposed, new dates (set forth below), believing the dates are fair and reasonable and reasonably can be met. Thus, no party may claim any prejudice by the granting of the relief requested herein.

## BACKGROUND

2. On May 8, 2006, Jackson filed this product liability lawsuit against E & R, alleging in his Complaint (Docket No. 1) claims for negligence, wantonness and violations of the Alabama Extended Manufacturer's Liability Doctrine, among others. On June 2, 2006, E & R filed its Answer (Docket No. 4) to the Complaint.

3. On June 12, 2006, Jackson and E & R filed their Report of Rule 26(f) Planning Meeting (Docket No. 6). On June 19, 2006, the Court entered the Scheduling Order, which set this case for a five-day jury trial beginning on July 9, 2007 and established the other deadlines to govern the progression of this case. (Docket No. 7).

4. On June 29, 2006, Jackson filed a Motion for Leave to Amend Complaint (Docket No. 8) to add Mackey as a defendant in this case. The Court granted that motion and both defendants filed answers.

5. On September 18, 2006, Jackson filed a Motion for Leave to Amend Complaint (Docket No. 18) to add Besser as a defendant. On that same day, Jackson also filed a Motion to Amend Scheduling Order to Allow Extension of Deadline for Plaintiff to Amend Pleadings and Add Parties (Docket No. 19). The Court granted both motions.

6. As of October 17, 2006, all of the defendants have answered the Second Amended Complaint.

**LEGAL STANDARD**

7.      Federal Rule of Civil Procedure 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." "The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669 (M.D. Ala. 2002) (internal quotations omitted); *see Nobles v. Rural Cmty. Ins. Serv.*, 303 F.Supp.2d 1279, 1283 (M.D. Ala. 2004) (granting a motion to modify a scheduling order upon a showing of good cause).

**DISCUSSION**

**A.      Good Cause Exists for Granting this Motion.**

8.      Two new parties, Mackey and Besser, have been recently added as defendants in this case. The Parties have carefully considered the existing case deadlines and, in their collective estimation, believe they are not feasible.

9.      The Parties note that "[i]t has been the long-standing and consistent practice of this court to enter deadlines…*after obtaining proposals from counsel for the parties*, and to then enforce those deadlines." *White*, 211 F.R.D. at 669 (emphasis added). The Scheduling Order was entered on June 19, 2006 before either Mackey or Besser was a defendant in this case. Neither Mackey nor Besser participated in the Rule 26(f) planning meeting or had any input into the Rule 26(f) report (Docket No. 6) filed with Court. Nor did Besser or Mackey have any opportunity to object to any of the deadlines set forth in the Scheduling Order. As a matter of fairness, Besser and Mackey should have the opportunity to participate in the scheduling of binding case deadlines.

10. Though the Parties have been diligent in their investigations of the facts and issues in this case, with the addition of two new defendants, even the most diligent litigant would have great difficulty meeting the existing case deadlines. For example, the present deadline for dispositive motions is March 2, 2007, a mere five months from now. Thus, all discovery relating to summary judgment issues would need to be completed well in advance of that date to afford a party sufficient time to prepare and file a motion for summary judgment. This product liability case involves a sophisticated piece of machinery, which was manufactured and/or sold by parties located outside the State of Alabama. The Scheduling Order, which was entered before Mackey and Besser became defendants in this case, contemplates the taking of up to thirty depositions, many of which will occur in various locations throughout the country. Similarly, the present deadline for the defendants' expert disclosures is December 1, 2006. For Besser, having just been added to this case, it would be nearly impossible to conduct some basic discovery, retain fact and damages experts and serve expert reports upon the other parties in the approximate six-weeks before the expert disclosure deadline.

11. The Parties are also mindful that the Court enforces the deadlines contained in its scheduling orders. *See id.* As this Court has observed:

> [i]f this court were to allow such late disclosure…, it would be most difficult for the court to insist on compliance with deadlines set in its many other cases. Allowance [of the disclosure] would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless. Thus, the integrity of scheduling orders in all cases before the court…is implicated." *Id.*

Recognizing that the existing case deadlines are not feasible and <u>before</u> any party faces the inability to meet a scheduling order deadline (which would inevitably occur without the relief requested herein), the Parties have promptly brought this issue to the Court's attention. The relief requested herein will spare the Parties and the Court from the drudgery of contending with

4

numerous motions to modify various case deadlines. Even if such motions were all supported by good cause, such a practice would undermine the policies this Court articulated in *White*. Here, as this case has developed, the Parties have recognized that they will be unable to meet the deadlines set forth in the Scheduling Order. Thus, <u>before</u> any deadlines have been missed, in a commendable display of civility and cooperation, the Parties have discussed and agreed to new proposed deadlines for inclusion in a new scheduling order.

12.     The next available trial date is December 10, 2007. Accordingly, the Parties have based the following dates on a December 10, 2007 trial date.

**B.     The Parties Proposed Dates for a New Scheduling Order.**

13.     The Parties have stipulated and agreed to the following deadlines, which the Parties believe can reasonably be met:

<u>Pre-Discovery Disclosures</u>: The Parties who have not already exchanged the information required by Fed. R. Civ. P. 26(a)(1) shall do so by November 17, 2006.

<u>Discovery Plan</u>: The Parties jointly propose to the Court the following discovery plan:

(a) Discovery will be needed on the following subjects: The Plaintiff's claim, the Defendants' defenses and the issue of damages.

(b) All discovery will be commenced in time to be completed by October 10, 2007.

(c) Maximum of forty interrogatories by each party to any other party.

(d) Maximum of 15 depositions by Plaintiff and 15 by Defendants.

(e) Each deposition limited to a maximum of seven hours unless extended by agreement of parties.

(f) Reports from retained experts under Rule 26(a)(2) due from Plaintiff by June 10, 2007 and from Defendants by July 11, 2007.

    (g) Supplementations under rule 26(e) due August 10, 2007.

    <u>Other items</u>.

    (a) The Parties do not request a conference with the Court before entry of the amended scheduling order.

    (b) The Parties request a final pretrial conference in November 2007.

    (c) Plaintiff should be allowed until May 10, 2007 to join additional parties and to amend the pleadings.

    (d) Defendants should be allowed until June 11, 2007 to join additional parties and to amend the pleadings.

    (e) All potentially dispositive motions should be filed by August 10, 2007.

    (f) Settlement cannot be evaluated prior to October 10, 2007.

    (g) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        i.    From Plaintiff: 45 days before trial; and

        ii.    From Defendant 30 days before trial.

    (h) The Parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections to witnesses and exhibits under Rule 26(a)(3).

    (i) This case should be ready for trial by December 10, 2007, and at this time is expected to take approximately five (5) days.

## **CONCLUSION**

    14.    For the reasons set forth above, the Court should enter an Order superceding and modifying the June 19, 2006 Scheduling Order in the manner set forth above.

**WHEREFORE, THE PREMISES CONSIDERED,** the Parties respectfully request that the Court enter an Order superceding and modifying its June 19, 2006 Scheduling Order in the manner set forth herein.

Respectfully submitted this the 17th day of October, 2006.

/s/S. Mark Andrews_____
S. Mark Andrews (AND 063)
Attorney for Plaintiff David Jackson

**OF COUNSEL:**

**MORRIS, CAREY, ANDREWS, TALMADGE, JONES & DRIGGERS**
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420
(334) 673-0077

/s/Steadman S. Shealy, Jr._____
Steadman S. Shealy, Jr. (ASB-2193-Y88S)
Attorney for Defendant E & R Manufacturing Company, Inc.

**OF COUNSEL:**

**COBB, SHEALY, CRUM & DERRICK, P.A.**
Post Office Box 6346
Dothan, Alabama 36302-6346
(334) 677-3000
(334) 677-0030

/s/Christopher S. Rodgers
T. Kelly May (ASB-6090-Y57T)
Christopher S. Rodgers (ASB-4665-G54C)
H. Cannon Lawley (ASB-3905-L75H)
Attorneys for Defendant Cary Mackey

**OF COUNSEL:**

**HUIE, FERNAMBUCQ & STEWART, LLP**
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
(205) 251-1193
(205) 251-1256

                        /s/ Constance C. Walker_____
                        Thomas T. Gallion, III (ASB-5295-L74T)
                        Constance C. Walker (ASB-5510-L66C)
                        Attorneys for Defendant Besser Company

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Montgomery, Alabama 36104
(334) 265-8573
(334) 264-7945

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2006, I electronically filed the foregoing ***Joint Motion for Leave to Modify Scheduling Order*** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing upon the following:

S. Mark Andrews
Morris Cary Andrews Talmadge Jones & Drigger, LLC
P.O. Box 1649
Dothan, AL 36302-1649
mandrews@mcatlaw.com

Steadman S. Shealy, Jr.
Cobb, Shealy, Crum & Derrick, P.A.
P.O. Box 6346
Dothan, AL 36302-6346
sshealy@cobb-shealy.com

Hugh Cannon Lawley
T. Kelly May
Christopher S. Rodgers
Huie, Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
tkm@hfsllp.com
csr@hfsllp.com

                                                          /s/Constance C. Walker_____
                                                          OF COUNSEL