IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 2:06CV-0412-WHA-DRB |
| E & R MANUFACTURING CO., ) | |
| INC., CARY MACKEY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CARY MACKEY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW** the Defendant, **CARY MACKEY**, and in answer to Plaintiffs' Interrogatories and Request for Production would state as follows, separately and severally:

**PREFATORY STATEMENT AND GENERAL OBJECTION**

The Responses provided herein have been prepared pursuant to a reasonable and diligent investigation and search for the information requested of this Defendant in accordance with this Defendant's understanding of the interrogatories and request for production as drafted.

Additionally, this Defendant objects to the interrogatories and request for production in that they are encyclopedic in nature and global in scope. Further, the interrogatories and request for production are objectionable as they are vague, ambiguous, and therefore, overly broad. Finally, this Defendant objects to the interrogatories and request for production as they are unlimited in time and do not relate to the allegations advanced by the Plaintiffs in this case. However, in the spirit of discovery, this Defendant is attempting to respond to the interrogatories and request for production as far as they relate to the allegations advanced by the Plaintiffs in this case.

## INTERROGATORIES

     1.    Please state your full legal/given name, aliases and/or prior names; your spouse's name; your date of birth, Social Security number; your current residential address and all prior addresses for the past ten years; your telephone number; your current place of employment and all prior places of employment for the past ten years.

**RESPONSE**: This Defendant objects to this interrogatory in so far as it is overly broad and unduly burdensome and seeks information which is neither relevant nor material to the allegations of the Plaintiff's Complaint. However, without waiving any such objection, this Defendant would state as follows: Karry Frank Mackey; date of birth ▮▮▮▮▮▮ social security number ▮▮▮▮▮▮ address: 231 Point A Isle Road, Andalusia, Alabama 36420. Current place of employment Block USA.

     2.    Were you employed by Ready Mix USA, or any of its related companies at the time of the incident giving rise to this suit occurred? If so, please state

     (a) Which company were you employed and your position at the time of the incident giving rise to this suit;
     (b) Your position now;
     (c) How long you have been employed with said company or any of its affiliates; and
     (d) Whether you are still employed with said company or any of its affiliates, and, if not, the date of termination.

**RESPONSE**: This Defendant objects to this interrogatory in so far as it is overly broad and unduly burdensome and seeks information which is neither relevant nor material to the allegations of the Plaintiff's Complaint. However, without waiving any such objection, this Defendant would state as follows:
     (a) Block USA;
     (b) Plant Manager;
     (c) Sixteen years;
     (d) Yes.

     3. Have you ever been sued before? If so, state:

     (a) When, was such suit filed;
     (b) The name. address and telephone number of the' parties that made such claim or filed such suit;
     (c) The nature of the claim;
     (d) What injuries or damages were claimed in each suit or claim;
     (e) The result of such claim or suit?

**RESPONSE**: No.

4. Do you have liability insurance coverage for any portion of the incident or occurrence which is stated in the complaint? If so, provide the "names of all insurance carriers including any excess or umbrella carriers and the liability limits of such policies.

**RESPONSE**: No.

5. Please describe in detail your knowledge of the facts and circumstances surrounding the incident made the basis of this suit, including the incident itself.

**RESPONSE**: I was not at the plant at the time that the incident occurred. However, from discussing this with John Stephens, an eye witness to the incident, the Plaintiff reached into the machine to remove a chunk of concrete. While his hand was in the machine, and since he did not shut the machine off and lock it out as he had been instructed to do on many occasions, a block came into the block splitter and the piston which operates the knife blades activated catching the Plaintiff's hand between the knives and the block.

6. Is the subject product, giving rise to the incident made the basis of this suit, properly identified in the complaint? If not, please identify the subject product, "Stating the proper name, make, model number, and serial number.

**RESPONSE**: To the best of my knowledge, the subject product is properly identified in the Complaint.

7. State whether you have or know of any photographs or motion pictures of the persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, and the product involved in said occurrence. If so, describe each photograph or motion picture, and state when it was taken, and the name, address and job description of the person who has possession, custody or control of each respective photograph or motion picture.

**RESPONSE**: Photographs were taken by Able Body Labor and my attorney. The photographs taken by my attorney will be produced to the Plaintiff.

8. Was an investigation and/or report made by and/or for you concerning the occurrence made the basis of this lawsuit? "If so, as to each such investigation and/or report, state the nature of the investigation or the report, the date of the investigation or report, the name, job title, business and residence address of each person who now has possession, custody or control of any documents reflecting the result of the investigation or report.

**RESPONSE**: I am unaware of a specific investigation of the subject incident that may have been done.

9. List any and all witnesses, stating their name, addresses and telephone number, which you intend to call at trial and/or who have any knowledge of the incident which is the basis if this suit.

**RESPONSE**: John Stephens, c/o Block USA, 2620 East 3 Notch Street, Andalusia, Alabama 36420. My attorney also advises that no decision as to witnesses who may be called at the time trial of this case has been made at this time.

10. If you contend Plaintiff David Jackson contributed in any way to the incident made the basis of this suit, please state in detail in what way he contributed to said incident and on what you base your contentions.

**RESPONSE**: Mr. Jackson did contribute to this incident. Mr. Jackson did not shut the machine off as he had been instructed to do prior to placing his hand in the operational section of the block splitter. In addition, Mr. Jackson was provided with a tool to remove any chunks of concrete which may have been in the way, which may have interfered with the operation of the machine, which he did not utilize.

11. Has the subject product been altered in any way? .If so, please state the following:

(a) When such alteration was made;
(b) Who made such aiteration;
(c) The reason for making such alteration.

**RESPONSE**: Yes. After the incident, the manufacturer provided some rubber flaps which were added by employees of Block USA since they were not provided with the machine when it was initially delivered, in 1997.

12. Were you aware of any defective condition, alteration, and/or potential for injury in or concerning the subject product?

**RESPONSE**: No.

13. Are you aware of or have knowledge of any injuries, incidents and/or accidents arising from the subject product and/or similar products in the past? If so, please identify the name of the person(s) involved in any such incidents/accidents, and identify the person(s) with the most knowledge concerning each such incident/accident.

**RESPONSE**: Yes. I was injured and lost two fingers and a portion of a third finger when I was operating the machine and was not paying attention and placed my hand between the block and the blade. The machine activated the top blades when my hand was on a block and crushed my hand.

14. Please state who you purchased the subject product from, when you purchased the subject product, and list the names of all individuals involved in said purchase who may have any knowledge regarding said transaction.

**RESPONSE**: I did not purchase the machine and do not know who may have been involved in the transaction.

    15. Please identify who at Ready Mix USA was responsible for the maintenance and repair of the subject trim press machine.

**RESPONSE**: This Defendant objects to this request in that it is vague, ambiguous, and therefore overly broad. However, without waiving any such objection, this Defendant would state that as Plant Manager, I set a schedule for routine maintenance and mechanical work for the plant which would include the subject machine. There is no one person who would be "responsible for the maintenance and mechanical work on the subject machine from February 1997 to present."

## REQUEST FOR PRODUCTION

    1. Any and all documents in your possession pertaining to the subject product.

**RESPONSE**: This Defendant has no responsive documents.

    2. Any and all incident reports or other writings wherein you were notified that the subject product caused an injury.

**RESPONSE**: This Defendant has no responsive documents.

    3. Any and all complaints or lawsuits filed by any plaintiff against you.

**RESPONSE**: This Defendant has no responsive documents.

    4. Any and all literature given to, received by, and/or read by you concerning the subject product.

**RESPONSE**: This Defendant has no responsive documents.

    5. Any and all documents, warnings, brochures, labels, recall notices, and/or other materials concerning the subject product.

**RESPONSE**: This Defendant has no responsive documents.

    6. Any and all manuals, including but not limited to procedure manuals, service manuals, maintenance manuals and safety manuals in your possession concerning the subject product.

**RESPONSE**: This Defendant has access to maintenance and parts manuals for the subject machine. Those manuals will be made available for the Plaintiff to inspect at a mutually convenient time.

    7. A list of any and all employees, giving their name, address, and telephone number, who worked under your supervision for the duration of your employment with Ready Mix USA, or any of its affiliates.

**RESPONSE**: This Defendant objects to this request in that it is irrelevant, immaterial, overly broad and unduly burdensome.

8. Any and all photographs and videotapes of the subject product, the accident scene, and Plaintiff.

**RESPONSE**: Photographs and a video tape will be produced to the Plaintiff.

9. Any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by the Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff hereto and recorded.

**RESPONSE**: This Defendant has no responsive documents.

10. Any and all statements, including but not limited, to oral, written, and recorded statements, given by, received by, and/or taken by you concerning the incident giving rise to this lawsuit.

**RESPONSE**: This Defendant has no responsive documents.

11. Any and all documents, photographs or other physical evidence which will be utilized by you and offered as evidence at the trial of this case.

**RESPONSE**: My attorney advises that no decision as to Exhibits to be utilized as evidence in the trial of this case has been made at this time.

12. Any and all insurance agreements, contracts, and declaration pages which may cover or satisfy part or all of a judgment which may be entered against you in this action, or which may indemnify or reimburse you for payments made to satisfy a Judgment against you.

**RESPONSE**: This Defendant has no responsive documents.

13. Any and all invoices, work orders, and other documents of any kind depicting any work done on the subject block splitter machine.

**RESPONSE**: This Defendant has no responsive documents.

14. A color copy of your driver's licenses and/or some form of picture identification.

**RESPONSE**: This Defendant objects to this request in that it is irrelevant, immaterial, and does not seek information which is designed to lead to the discovery of admissible evidence.

15. Your entire personnel file concerning your employment with Ready Mix USA, or any of its affiliates, including but not limited to evaluations, job descriptions, promotions, demotions,

incident reports, memoranda, and correspondence,

**RESPONSE**: This Defendant has no responsive documents.

    16. The entire personnel file of David Jackson including, but not limited to, evaluations, job descriptions, promotions, demotions, incident reports, memoranda, and correspondence.

**RESPONSE**: David Jackson was not employed by Block USA but rather was a temporary laborer in the employ of Able Body Labor.

    17. Copies of all documents related to your purchase transaction of the subject product.

**RESPONSE**: This Defendant has no responsive documents.

Respectfully submitted,

_____
Karry Mackey

Sworn to and Subscribed

before me this _____ day

of _____, 2006.

_____
Notary Public

My Commission Expires:
_____

    /s/ Christopher S. Rodgers
T. Kelly May, (ASB-6090-Y57T)
Christopher S. Rodgers (ASB-4665-G54C)
H. Cannon Lawley, (ASB-3905-L75H)
Attorneys for Defendant, Cary Mackey

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
TEL:  (205) 251-1193
FAX:  (205) 251-1256

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing on the following by placing a copy of same in the United States Mail, postage paid on this the 19th day of **October, 2006**:

S. Mark Andrews, Esq.
MORRIS, CARY, ANDREWS,
   TALMADGE, JONES & DRIGGERS
P.O. Box 1649
Dothan, Alabama 36302-1649

Steadman Shealy, Esq.
COBB, SHEALY, CRUM & DERRICK
P.O. Box 6346
Dothan, Alabama 36302-6346

 /s/Christopher S. Rodgers
 OF COUNSEL