## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DAVID JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06CV-0412-WHA-DRB** |
| **E & R MANUFACTURING CO.,** | ) | |
| **INC., CARY MACKEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT CARY MACKEY'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** the Defendant, **CARY MACKEY**, and in answer to Plaintiffs' Second Interrogatories and Request for Production  would state as follows, separately and severally:

### PREFATORY STATEMENT AND GENERAL OBJECTION

The Responses provided herein have been prepared pursuant to a reasonable and diligent investigation and search for the information requested of this Defendant in accordance with this Defendant's understanding of the interrogatories and request for production as drafted.

Additionally, this Defendant objects to the interrogatories and request for production in that they are encyclopedic in nature and global in scope.  Further, the interrogatories and request for production  are objectionable as they are vague, ambiguous, and therefore, overly broad.  Finally, this Defendant objects to the interrogatories and request for production as they are  unlimited in time and do not relate to the allegations advanced by the Plaintiffs in this case.  However, in the spirit of discovery, this Defendant is attempting to respond to the interrogatories and request for production as far as they  relate to the allegations advanced by the Plaintiffs in this case.

01054597.1/3000-1177

## INTERROGATORIES

1.      Identify the names of all persons known by this Defendant who may be co-employees or otherwise, who were responsible for the maintenance and mechanical work on the subject machine from February 19, 1997 to present.

**RESPONSE**: This Defendant objects to this request in that it is vague, ambiguous, and therefore overly broad.  However, without waiving any such objection, this Defendant would state that as Plant Manager, I set a schedule for routine maintenance and mechanical work for the plant which would include the subject machine.  There is no one person who would be "responsible for the maintenance and mechanical work on the subject machine from February 1997 to present."

2.      Identify the names of all persons who have performed any and all maintenance work since February 19, 1997.

**RESPONSE**: Please see this Defendant's response and objection to interrogatory no. 1.

3.      Identify the names of all persons known by this Defendant who may be co-employees or otherwise, who had any authority for the maintenance and upkeep of any and all safety equipment for the subject machine from February 19, 1997 to present.

**RESPONSE**: This Defendant objects to the request in that it is vague, ambiguous, and therefore overly broad.  Further, this Defendant objects to the use of the term "all safety equipment" as it is subject to numerous and varying individual interpretation.

4.      Identify the name of any insurance entity, whether worker's compensation carrier, liability carrier or otherwise, who may have engaged in any workplace inspection for purposes of workplace safety from February 19, 1997 to present.

**RESPONSE**: This Defendant objects to the request in that it is vague, ambiguous, and therefore overly broad. However, without waiving any such objection, this Defendant would state that he does not recall any insurance entity who may have conducted a workplace inspection from February 19, 1997 to present.

## REQUEST FOR PRODUCTION

1.      Any and all documentation of any repair work, maintenance work or other work performed on the subject machine from February 19, 1997 to present.

**RESPONSE**: None in my possession.

2.      Any and all documentation reflecting any replacement parts purchased from E&R Manufacturing, the Besser Company or otherwise from February 19, 1997 to present.

**RESPONSE**: None in my possession.

3.      Any and all documentation reflecting the removal of any safety equipment, including any guard at the area of Plaintiff's accident, or otherwise on the subject machine from February 19, 1997 to present.

**RESPONSE**: This Defendant has no responsive documents and further states that no guards were ever removed from the subject machine.

4.      Any and all documentation reflecting the decisions behind the removal of any guard at the point of operation where Plaintiff's accident occurred, as well as the decision not to reinstall or maintain any such subject guard.

**RESPONSE**: This Defendant has no documents responsive to this request in that no guard was ever removed from the subject machine.

Respectfully submitted,

_____
Karry Mackey

Sworn to and Subscribed

before me this _____ day

of _____, 2006.

_____
Notary Public

My Commission Expires:

_____

 /s/ Christopher S. Rodgers
T. Kelly May, (ASB-6090-Y57T)
Christopher S. Rodgers (ASB-4665-G54C)
H. Cannon Lawley, (ASB-3905-L75H)
Attorneys for Defendant, Cary Mackey

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
TEL:  (205) 251-1193
FAX:  (205) 251-1256

01054597.1/3000-1177

**CERTIFICATE OF SERVICE**

        I hereby certify that I have served a copy of the above and foregoing on the following by placing a copy of same in the United States Mail, postage paid on this the 18th day of **October, 2006**:

S. Mark Andrews, Esq.
MORRIS, CARY, ANDREWS,
   TALMADGE, JONES & DRIGGERS
P.O. Box 1649
Dothan, Alabama 36302-1649

Steadman Shealy, Esq.
COBB, SHEALY, CRUM & DERRICK
P.O. Box 6346
Dothan, Alabama 36302-6346

                            /s/Christopher S. Rodgers
                            OF COUNSEL