IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| DAVID JACKSON, | ) |
| Plaintiff, | ) |
|  | ) CIVIL ACTION NO. |
| vs. | ) 2:06-CV-0412-WHA |
|  | ) |
| E&R MANUFACTURING COMPANY, INC., CARY MACKEY, BESSER COMPANY, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT BESSER COMPANY'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, defendant Besser Company ("Besser"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and for its Motion for Summary Judgment, states as follows:

1. This product liability case involves a CM-24 HFRC automatic concrete block splitter machine (the "Splitter"). The Splitter was designed and manufactured by defendant E&R Manufacturing, Inc. ("E&R"). In February 1997, defendant Besser Company ("Besser") sold the Splitter to Couch Block USA ("Block USA") in Andalusia, Alabama. The plaintiff, David Jackson ("Jackson"), worked as a laborer on the Splitter's production line at Block USA at the time of his December 17, 2004 accident.

2. Jackson has asserted four Counts against Besser in his Second Amended Complaint. In Count I, Jackson alleges defective product and failure to warn claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). Count II alleges negligent design/distribution and negligent failure to warn. In Count III, Jackson alleges wanton



design/distribution and wanton failure to warn. Count IV of the Second Amended Complaint "realleges the allegations of all previous paragraphs," but otherwise contains only generic allegations. As set forth more fully below and in Besser's accompanying Brief in Support of its Motion for Summary Judgment, the undisputed facts show that Besser is entitled to summary judgment on each of these claims.

3. It is undisputed that the Splitter runs automatically and splits concrete blocks once every three seconds. It is also undisputed that Jackson was fully aware of the danger presented by the Splitter's side knives and of the potential for injury in placing his hands near the Splitter's side knives, when the Splitter was operating. Despite this knowledge, Jackson routinely used his hands to remove concrete debris from the Splitter's side knives, in between the Splitter's three second cycles.

4. On December 17, 2004, Jackson reached his right hand into the Splitter's side knives area to attempt to remove a piece of concrete debris. On this occasion, however, Jackson failed to remove his hand in time. As Jackson put it, "when I was starting to come out [of the Splitter's side knives area] and my glove got hung up and the machine started pushing my hand. I tried to snatch my hand out of my glove and I couldn't get it out. So that's how it happened." Ex. B [Jackson Dep. at 52: 3-8].[1]

5. In his Second Amended Complaint, Jackson asserts AEMLD, negligence and wantonness claims for defective product and failure to warn against Besser. Under Federal Rule of Civil Procedure 56, summary judgment in favor of Besser and against Jackson is appropriate on each of these claims.

---

[1] References to exhibits herein are to the exhibits attached to *Defendant Besser Company's Brief in Support of its Motion for Summary Judgment*, which is incorporated herein by reference and is being filed contemporaneously herewith.

6.      Jackson's claim for defective product under the AEMLD and his claim for negligent design/distribution fail because the undisputed material facts show that Jackson assumed the risk of his injuries and/or was contributorily negligent in causing his injuries. Similarly, Jackson's claims for failure to warn fail because the undisputed facts show that the danger presented by the Splitter was open and obvious to Jackson. In addition, Besser joins in the arguments, and incorporates by reference the evidence, submitted by defendant E&R Manufacturing Company, Inc. with its motion for summary judgment and supporting brief to the extent the same are not inconsistent with Besser's Motion for Summary Judgment or supporting Brief or are already contained therein.

7.      For the reasons set forth above and as more fully set forth in *Defendant Besser Company's Brief in Support of its Motion for Summary Judgment*, the Court should grant summary judgment in Besser's favor and against the plaintiff on each of his claims asserted against Besser in the Second Amended Complaint.

**WHEREFORE,** Besser respectfully requests that the Court grant its Motion for Summary Judgment, enter judgment in Besser's favor and against the plaintiff on each of his claims asserted against Besser in the Second Amended Complaint and grant such further relief the Court deems just and proper.

Respectfully submitted this 31 day of July 2007.

/s/ _____

Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Laurin D. Quiat (Colo. Bar No. 14687)
Wade D. Mitchell (Ohio Bar No. 0030647)
Cory M. Curtis (Colo. Bar No. 34907)
*Attorneys for Defendant Besser Company*

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Montgomery, Alabama 36104
(334) 265-8573
(334) 264-7945

**BAKER & HOSTETLER LLP**
303 East 17th Avenue, Suite 1100
Denver, Colorado 80203
(303) 861-0600
(303) 861-7805

3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114-3485
(216) 861-7971
(216) 696-0740

17

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing *Defendant Besser Company's Motion for Summary Judgment* upon the following counsel of record by placing a copy of the same in the United States mail postage prepaid, this the ___31___ day of July, 2007:

S. Mark Andrews
Morris Cary Andrews Talmadge & Jones, LLC
3334 Ross Clark Circle
P.O. Box 1649
Dothan, AL 36302

Steadman S. Shealy, Jr.
Shealy, Crum & Pike, P.C.
2346 West Main Street, Suite 1
P.O. Box 6346
Dothan, AL 36302

/s/ _____
Of Counsel