IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**PLAINTIFF'S EXHIBIT**

| | | |
|---|---|---|
| DAVID JACKSON, | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| VS. | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06 CV0412-DRB** |
| E & R MANUFACTURING CO., INC., | ) | |
| et al., | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## NOTICE OF TAKING 30(b)(5) & (6) DEPOSITION

PLEASE TAKE NOTICE that the Plaintiff will take the deposition of Defendant, E & R MANUFACTURING CO., INC., upon oral examination as provided by Rule 30(b)(5) & (6) of the ALABAMA RULES OF CIVIL PROCEDURE. The deposition will be taken on <u>February 1, 2007</u> beginning at <u>9:00 a.m.</u>, at the <u>Law Offices of Kincaid, Taylor, Sims, Chadd & Minnete, 127 West Main Street, Lebanon, Indiana 46052</u>, and shall continue from day to day until complete. The oral examination will encompass those matters discoverable under Rule 26 of the ALABAMA RULES OF CIVIL PROCEDURE.

In connection with the examination, Plaintiff requests the production at the taking of the deposition of material and documents subject to production under Rule 30(b)(5) & (6) and Rule 34, ALA. R. CIV. P. The material and documents are identified hereafter.

### NOTICE UNDER RULE 30(b)(5)(6) AL. R. CIV. P.

This notice is directed to the deponent, RON NEESE, CORPORATE REPESENTATIVE OF DEFENDANT E & R MANUFACTURING CO., INC. The Alabama Rules of Civil Procedure requires that a private corporation designate <u>ONE OR MORE</u> officers, directors, or managing agents or other person who consent to testify on its behalf, to testify about the matters on which examination is requested. The corporation may set forth each person designated and the matter on which he will testify.

1

## DEFINITIONS

For the purposes of this discovery notice the following terms shall have the following respective meanings and usages:

1. *"Deponent"* shall refer to E & R MANUFACTURING CO., INC., its officers, employees, or any other agents or representatives of the said corporation.

2. *Defendant"* shall refer to E & R MANUFACTURING CO., INC., its officers, employees, or any other agents or representatives of the said corporation.

3. *"Document"* shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual, or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or any other storage devices for business subject block splitters or other means of storing and/or transmitting human intelligence, and any other printed or readable material. To be included without limitation in this definition of "document" are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report memorandum, (including without limitation every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including without limitation notes used to prepare any letter, memorandum, reports or other documents as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

4. The term *"hazard"* as used hereinafter in this notice shall be deemed to refer to any condition or any changing set of circumstances, which presents an injury potential.

## SCOPE OF THE EXAMINATION AND IDENTIFICATION OF MATERIALS AND DOCUMENTS TO BE PRODUCED

The matters on which the examination will be conducted and the documents reviewed are:

1. Testimony and *documents* that are in any way related to the subject matter of each and every interrogatory, request for admission, or request for production of *documents* filed by the Plaintiff on this *Defendant.* The area of inquiry contained in each such interrogatory, request for admission and request for production are incorporated by reference herein.

2.    Testimony and *documents* related in any way to an explanation of any *documents* produced by this *Defendant* to this action.  This inquiry would include but not necessarily be limited to an examination concerning:

      a.  The date of the *documents;*
      b.  The author of the *documents;*
      c.  The description of the *documents;*
      d.  The recipient of the *documents;*
      e.  The purpose or objective of the *documents;*
      f.  The relationship of the *documents* to any objectives or purposes of the entity of the *Defendant;*
      g.  Explanation of any terms used in the *documents;*
      h.  The approving authority of the *documents;*

3.    Testimony and *documents* evidencing or relating to the authentication of any *document* produced by this *Defendant* in response to any discovery requests.

4.    General personal background information.

5.    General information on the industry including knowledge of competitor's products.

6.    Testimony and *documents* evidencing or relating to the design, engineering, construction, fabrication and assembly of the *subject block splitter* manufactured by E & R MANUFACTURING CO., INC.

7.    Testimony and documents relating to any retrofit, upgrade or rebuild program instituted or offered by this Defendant.

8.    Testimony and *documents* concerning the identification of the individual engineers and employees who were directly responsible for performing the design and engineering work on the *subject block splitter* and/or other *E & R Manufacturing Co., Inc. block splitters.*

9.    Testimony and *documents* relating to the names, titles and last known addresses of the persons who have custody of any records relating to the design, engineering, construction, fabricating, assembly, inspection and delivery of the *subject block splitter* and/or other *E & R Manufacturing Co., Inc. block splitters.*

10.    Testimony and *documents* concerning inspections of the subject block splitter by any individual engineers or employees of the *Defendant* whether before or after the Plaintiff's accident and whether for quality control or otherwise.

11.    Testimony and documents concerning safety considerations relative to the design of the subject block splitter.

12.    Testimony and documents evidencing or relative to meetings of this Defendant's product safety committee.

13.    Testimony and *documents* concerning development and testing of this Defendant's subject block splitter, including any failure modes and effects analyses, hazard risk analyses, fault tree analyses or other human factor analyses relative to the maintenance, development and/or design of the subject block splitter.

14.    Testimony and *documents* concerning safety features and/or safety interlocks designed into or available for the subject block splitter.

15.    Testimony and *documents* concerning emergency operation characteristics of the subject block splitter.

16.    Testimony and *documents* concerning any licensing obtained by the *Defendant* and the identification of each state in which the *Defendant* does business.

17.    Testimony and *documents* evidencing or relating to the original design of the subject block splitter and any changes made in the design and engineering on the *subject block splitter.*

18.    Testimony and *documents* relating to any memoranda or other writing that would evidence any discussions between the *Defendant* and any co-defendant or third party relative to any matters concerning safety as it relates to the subject block splitter once it was completed and delivered.

19.    Testimony and *documents* relative to the identification of individual engineers and employees of the *Defendant* who communicated with any co-defendants (their agents and employees) and third parties concerning the subject block splitter and the facts of Plaintiff's accident.

20.    Testimony and *documents* relative to the identification of individual engineers and employees of the *Defendant* who would be considered the contact person(s) with personnel from co-defendants relative to the *subject block splitter.*

21.    Testimony and *documents* relative to the identification of individual engineers and employees of the *Defendant* who are custodian of records related to the subject block splitter and/or other *E & R Manufacturing Co., Inc. block splitters,* whether related to testing, design, marketing, sale, distribution or otherwise.

22.    Testimony and *documents* relative to the identification of any material suppliers, fabricators, or assemblers for the subject block splitter.

23.    Testimony and *documents* evidencing or relating to the business relationship, contracts and written agreements and all business transactions between the *Defendant* and any

material supplier, fabricator or assembler of any component part of the subject block splitter.

24.     Testimony and *documents* evidencing or reflecting the path of distribution of the subject block splitter.

25.     Testimony and *documents* evidencing or relating to the history of the *Defendant* which would include date founded, who founded, number of locations, number of engineers, states in which the *Defendant* is authorized to do business and has conducted business.

26.     Testimony and *documents* relating to an organizational chart of the *Defendant* company and the general corporate structure of this Defendant, including, but not limited to, the engineering department responsible for the design and manufacture of the subject block splitter.

27.     Testimony and *documents* relating to any patents held by the *Defendant* including the names, titles and addresses in the *Defendant's* employ responsible for the applications and the persons who have custody of any records relating to the applications for any patent applicable to the *subject block splitter,* or other *E & R Manufacturing Co., Inc. block splitters.*

28.     Testimony and *documents* evidencing or relating to the substance and content of all claims or representations made by the *Defendant* either orally or in writing as to the quality or fitness of the completed *subject block splitter.*

29.     Testimony and *documents* evidencing or relating to warranties or representations that the subject block splitter was in compliance with federal, state or local regulations or industry standards regulating the design, engineering, construction, fabrication and assembly of the such facilities including an inquiry into the following:

        a.     Names of such regulations or standards;

        b.     How and in what manner such regulations or standards regulate or define the services to be performed.

30.     Testimony and *documents* evidencing or relating to any and all warnings or instructional materials relative to the *subject block splitter* and/or other *E & R Manufacturing Co., Inc. block splitters.*

31.     Testimony and *documents* evidencing or relating to all literature, brochures, pamphlets or other printed material which the *Defendant* customarily uses in promoting and marketing the subject block splitter and its company.

32.     Testimony and *documents* evidencing or relating to each newsletter, report or other material that the *Defendant* customarily issues to its existing customer/client base and any potential customers/clients for its services.

33.     Testimony and *documents* evidencing or relating to any and all federal, state or local

governmental standards and regulations to which the design, engineering, construction, fabrication and assembly of the *subject block splitter and/or* other *E & R Manufacturing Co., Inc. block splitters* must comply.

34.    Testimony and *documents* evidencing or relating to any and all communications with state and federal agencies with respect to compliance with government standards and regulations concerning the design, engineering, construction, fabrication and assembly of the *subject block splitter and/or* other *E & R Manufacturing Co., Inc. block splitters.*

35.    Testimony and *documents* evidencing or relating to suggested, recommended, voluntary or mandatory standards, rules, regulations and/or laws pertinent to the design, engineering, construction, fabrication, assembly and inspection of the *subject block splitter and/or* other *E & R Manufacturing Co., Inc. block splitters.*

36.    Testimony and *documents* evidencing or relating to the *Defendant's* participation in any committees, organizations, bodies or otherwise that have ever promulgated any regulations, standards or otherwise dealing the design, engineering, construction, fabrication, assembly and/or inspection of the subject block splitter and/or other *E & R Manufacturing Co., Inc. block splitters.*

37.    Testimony and *documents* evidencing or relating to the *Defendant's* or its employees membership in any procedure standards committee, industrial professional societies and/or safety organizations.

38.    Testimony and *documents* regarding the *Defendant's* or its employees communications, correspondence and/or *documents* exchange with any federal, state or local agency or governmental entity or officer thereof relative to the *subject block splitter.*

39.    Testimony and *documents* related to any and all governmental statutes, regulations or standards, industry standards, corporate standards, authoritative articles or treatises, which the *Defendant* contends or admits are applicable to the design, engineering, construction, fabrication, assembly or inspection of the *subject block splitter and/or E & R Manufacturing Co., Inc. block splitters.*

40.    Testimony and *documents* evidencing or relating to the *Defendant's* recommendations as to *subject block splitter* whether related to warnings, safety or otherwise.

41.    Testimony and *documents* evidencing or relating to uses of, or human contact with, the *subject block splitter and/or E & R Manufacturing Co., Inc. block splitters* that are specifically forbidden, warned against, or discouraged by the *Defendant.*

42.    Testimony and *documents* reflecting the conditions and circumstances of the environment of use of the subject block splitter, and any determination of any and all hazards associated with the use or human interface and contact of the *subject block splitter* and other *E & R Manufacturing Co., Inc. block splitters.*

6

43.    Testimony and *documents* evidencing or relating to each and every book, treatise, article, journal, periodical, monograph, or other work which has discussed, analyzed or in any way dealt with the design, engineering, construction, fabrication, assembly and inspection of the *subject block splitter and/or E & R Manufacturing Co., Inc. block splitters* that the *Defendant* has worked on at any time.

44.    Testimony and *documents* evidencing or relating to the *Defendant's* knowledge or its reason to believe or suspect that individuals and have sustained injuries in circumstances similar to those facts as alleged in Plaintiff's Complaint.

45.    Testimony and *documents* reflecting user complaints or reports of injury with respect to the subject block splitter or other E & R Manufacturing Co., Inc. block splitter or actual examinations indicating the existence or alleged existence of hazards like or similar to the hazard that Plaintiff claims matured into an accident in this case.

46.    Testimony and *documents* evidencing or relating to any and all lawsuits that have been filed against this *Defendant* within the last ten years where an allegation of negligence, product defect, and/or failure to warn has been alleged which resulted in the death or injury of an individual in that particular litigation(s).

47.    Testimony and *documents* evidencing or relating to the *Defendant's* knowledge concerning the facts and circumstances surrounding the accident or incident made the basis of this action.

48.    Testimony and *documents* evidencing or relating to the substance of all communications, statements or conversations between the *Defendant* or any agent or employee of the *Defendant* and plaintiff and/or his employer related to the alleged occurrence made the basis of this lawsuit.

49.    Testimony and *documents* evidencing or relating to all inspections or examinations of the facts and circumstances surrounding the Plaintiff's claim that have been made or caused to be made by the *Defendant*.

50.    Testimony and *documents* evidencing or relating to any admissions that the *Defendant* claims that Plaintiff may have made as well as any eyewitnesses to the *incident* made the basis of this action.

51.    Testimony and *documents* evidencing or relating to the identification of each and every person, firm, partnership, association or corporation contacted or consulted about this litigation, the issues therein, the facts or law in connection with the Plaintiff's claim or the facts or law in connection with the *Defendant's* defense. This inquiry would specifically exclude privileged attorney/client communications.

52.    Testimony and *documents* reflecting the conduct and results of any investigation, inspection, or examination, either of the *subject block splitter* or of said incident, conducted by or

on behalf of the *Defendant.*

53.    Testimony and *documents* reflecting the conduct and the results of any investigation, inspection, or examination, either of the *subject block splitter,* or of said incident, conducted on behalf of the *Defendant* after the date of the incident.

54.    Testimony and *documents* reflecting or relating to the conduct and results of any and all tests, studies, calculations, examinations, inspections, etc., conducted in conjunction with the preparation of the above styled cause, either for the purpose of providing the basis of expert testimony or for the purpose of providing information to serve as the basis of cross examination of the Plaintiffs' experts.

55.    Testimony and *documents* evidencing or relating to any contention of the *Defendant* that the alleged occurrence was caused in whole or in part by some person or persons other than the *Defendant.*

56.    Testimony and *documents* evidencing or relating to any contention held by the *Defendant* that the alleged occurrence was caused or contributed to by some act or omission by the plaintiff or that the plaintiff assumed the risk associated with use of the *subject block splitter.*

57.    Testimony and *documents* evidencing or relating to any alterations or changes in the condition of the *subject block splitter* which the *Defendant* contends is relevant to the liability issues in this litigation.

58.    Testimony and *documents* evidencing or relating to any and all warranties given by *Defendant* with regards to the *subject block splitter* and/or and where and how such warranties were communicated and/or located.

59.    Testimony and *documents* concerning or related to any publications authored or co-authored by this *Defendant,* its agents, employees, officers and/or directors.

60.    Testimony and *documents* concerning or related to any publications or periodicals or magazines to which this *Defendant* has subscribed in the last ten years.

61.    Testimony and *documents* evidencing or relating to information regarding safety in the design, manufacture, assembly, use and/or maintenance of the *subject block splitter* and in particular, guarding of subject block splitter.

62.    Testimony and *documents* evidencing or relating to any past reports, claims or lawsuits involving this *Defendant* with regards to injuries and/or damages associated with use of subject block splitter.

63.    Testimony and documents evidencing or relating to other incidents, claims, complaints and/or lawsuits relating to incidents wherein operators of this Defendant's block splitters were injured or killed while operating the block splitter.

64.     Testimony and documents evidencing or relating to other incidents, claims, complaints and/or lawsuits wherein it was alleged that E & R Manufacturing Co., Inc. block splitters designed, engineered, manufactured or distributed by this Defendant should be equipped with safety interlock technology.

65.     Testimony and documents evidencing or relating to other incidents, claims, complaints and/or lawsuits wherein it was alleged that block splitters manufactured by this Defendant is dangerous or defective.

66.     Testimony and documents evidencing or relating to any documentation regarding the need for safety interlock operator sensing switches or technology for this Defendant's block splitters.

67.     Testimony and documents evidencing or relating to any committees, including committee minutes, notes, memos or other writings relating to or pertaining to the potential for this Defendant's block splitters s to cause injury to users thereof.

68.     Testimony and documents evidencing or relating to any studies, considerations or concerns regarding the potential for this Defendant's block splitters to cause injury to users thereof.

69.     Testimony and documents evidencing or relating to the sale, shipment and/or distribution of this Defendant's block splitters in countries outside of the United States.

70.     Testimony and documents relating to any communication to or from any government, safety or other regulatory agency regarding injuries caused by this Defendant's subject block splitters.

71.     Testimony and documents relating to any standards relating to safety standards or requirements which apply to this Defendant's block splitters.

Respectfully submitted this _____ day of December, 2006.

**MORRIS, CARY, ANDREWS,**
**TALMADGE, JONES & DRIGGERS, LLC**

_____
S. Mark Andrews (AND063)
Attorney for Plaintiff
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

## CERTIFICATE OF SERVICE

I hereby certify that I on this, the _____ day of December 2006, mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Steadman Shealy
Cobb, Shealy, Crum & Derrick
P.O. Box 6346
Dothan, AL 36302

T. Kelly May
Christopher S. Rodgers
Huie, Fernambucq & Stewart, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484

Constance C. Walker
Thomas T. Gallion, III
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660

Laurin D. Quiat
Wade A. Mitchell
Cory M. Curtis
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

_____
S. Mark Andrews      (AND063)

CM-24 HFRC   Serial # 6574

Modifications —
503 PC
Control Panel on Opposite Side
Hydraulic Manifold on Opposite Side
Center Cross Knife
External Linear Transducer 38"
Mounted on V-Wheels and Tracks

PLAINTIFF'S
EXHIBIT
2

Manuals —
1 sent prior to shipping machine    see UPS shipping record
1 sent with the splitter in the control panel
In the manual —
insert included to cover optional 503 PC
Menu Flow Chart — updated 2/97
for 38" transducer conversion factor
Auto shut-down function

Changes since 1997 —
1. 503 and the linear transducer are now
standard - transducer now internal on cylinder
2. the Emergency Stop is now detented to
meet CE standards.
3. Electric over air clutch - brake now
standard
4. Air Cooler on Hydraulics now standard

Con't. —
· Changes since 1997

· 5. Center pusher option using 4 feed
   pawls on feed now standard

6. Vibration mounts on control panel

Machine as shipped —
   Line block, return corners, Rockwood
      retaining wall block

      Parts sent later (April & May 1999)
to split Anchor retaining wall
      Diamond Pro - 8"          3-5 sec   6 x 2 = 12
      Diamond 93° - 6"          3-5 sec   6 x 2 = 12
      Siamese Windsor (4 @ time)²⁻³ˢᵉᶜ  6 x 4 = 24



PLAINTIFF'S
EXHIBIT
8

CM-24 Gravity Feed Splitter
(pictured)

(Barrier Guards removed for illustration)

# Besser Block Splitter specifications:

| Model | Dimensions | Weight | Capacity | Motor Capacity | Voltages |
|---|---|---|---|---|---|
| **Model – CM-24 Hydrofeed** *mechanical drive hydraulic index* | width – 6'8" (2032mm.) height – 7'0" (2134mm.) length – 11'10" (3607mm.) | 6,740 lbs. (3060Kg.) | splitting up to 1100 cycles per hour (structural units) | hydraulic pump motor 15 ph (11.2kw) splitter drive 5 hp (3.6kW) | motors 220/440 V. 3 phase, 60 cycle (other voltages also available) |
| **Model – CM-24 Hydroversal** *hydraulic drive hydraulic index* | width – 7'4" (2235mm.) height – 6'0" (1829mm.) length – 10'10" (3302mm.) | 9,545 lbs. (4330Kg.) | splitting up to 1250 cycles per hour (structural units) up to 3600 cycles per hour* (veneer units) | 30 hp (22.4kw) hydraulic pump motor | |
| **Model – CM-24 High Speed (Veneer)** *mechanical drive* | width – 3'11" (1194mm.) height – 5'10" (1778mm.) length – 9'5" (2870mm.) | 3,500 lbs. (1590Kg.) | splitting up to 3600 cycles per hour (veneer units) | 2 hp (1.5kW) | |
| **Model – CM-24 Gravity Feed** *mechanical drive* | width – 5'4" (1626mm.) height – 5'0" (1524mm.) length – 6'8" (2032mm.) | 2,480 lbs. (1125Kg.) | splitting up to 1100 cycles per hour (structural units) | 2 hp (1.5kW) | |
| **Model – Pitchmaster** *mechanical drive* | width – 4'2" (1270mm.) height – 4'4" (1321mm.) length – 5'6" (1676mm.) | 1,420 lbs. (650Kg.) | 2400 lineal feet per hour | 2 ½ hp (1.9kW) | |

**Besser Company,** P.O. Box 336, Alpena, Michigan 49707, U.S.A.
Phone (517) 354-4111, Fax (517) 354-3190

BES 0014

# Besser Block Splitters

PLAINTIFF'S EXHIBIT

9



*CM-24 Hydrofeed Splitter*

(Barrier Guards removed for illustration)

Besser has a splitter to handle any kind of block you produce.

**BESSER CM-24 HYDROFEED:** Electro-hydraulically powered splitting and material handling equipment for in-line splitting of *architectural* concrete block units. FEATURES: *Exclusive Contour-Matic Four-Way blades, high pressure (3,000 PSI) pump and heavy-duty dual filter system* to assure constant availability of clean hydraulic fluid, *cross-wise blade direction* plus *better indexing* and *continuous pressure* which means no slow down from pressure loads.

**BESSER CM-24 HYDROVERSAL:** The machine that puts you in two "new" markets because it will split *structural units* and, with attachments, produce *veneer splits.* It can also be used with different feeders and is rated up to 3,600 cycles per hour when splitting thin solid slabs. FEATURES: *High pressure (2,000 PSI) pump and heavy-duty dual filter system* to assure high availability of clean hydraulic fluid, *cross wise blade direction* and *better repeatability than competitive models.*

**BESSER CM-24 HIGH SPEED (VENEER):** *For veneer splitting only.* Offers same tough durable features found on the CM-24 Hydroversal.

**BESSER CM-24 GRAVITY FEED:** The most versatile of the Besser splitters because it *can take any block that can be split* – slab or cored types. Produces up to 1,000 cycles per hour. FEATURES: *Exclusive patented Contour-Matic blade* to assure sharp, straight-line cuts and virtually eliminates culls, *gear drive, in-line blade direction* plus versatility because it is *portable* for running in-line or off-line.

**BESSER PITCHMASTER:** The machine that delivers the beauty of hand-hewn masonry. Converts split block to dressed brick that look like they were sculptured by the stone mason's hammer and chisel. Gravity feed conveyor flows material into position at the rate of 43 lineal feet per minute. FEATURES: *Gear drive,* convenient portability.

The BESSER SPLITTER LINE the efficient answer to splitting needs with exclusive patented Contour-Matic on most models. Floating Head Engineering that assures high quality splits and simple Height Adjustment to produce perfect splits with low cullage.

BES 0015

**E&R MFG. CO.**

**E&R MANUFACT**

P. O. BOX 68 • KIRKLIN, INDIANA 4

FAX # 317-2

**Post-It® Fax Note** 7671 | Date | # of pages ▶ 4
To BRiAn | From M HAdley
Co./Dept. | Co.
Phone # | Phone #
Fax # 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 | Fax #

**PLAINTIFF'S EXHIBIT**

10

#82,334    76,990

Date 11/21/96

TO Hal Webster
   Doug Buss          FAX Number 334-794-3119
                                  904-438-8776

FROM: Ron

NUMBER OF PAGES 4

(83) 244-0419
MARK ABBET
MobilE

COMMENTS The following is the quote on the CM-24 HFRC and the various options.

If you should order the splitter for Rockwood from E&R, we will include the Center Pusher and A-B 503 option at no charge.

Hal —
What is the street address in Dothan? I want to send pictures, dimensional drawings etc via UPS Next Day Air Letter

Thanks!

+ ✓ CAST-WALL    →    (3503.00)
   INSTALLED           2803.02

+ ✓ 4" HIGH CLASSIC    →    (547.°)        } BESSEN COST
      CAD (BEVELED)        438.22

+ ✓ 6" HIGH CLASSIC    →    (392.00)
                           313.62

BES 0001

02/10/1995  04:05  00479550950
3-27-1995 8:41PM    FROM
_DEUGER COMPANY_    PAGE 02
P 3
... 999 9:53AM   FROM E.T. M & CO INC 3727300020

Classic —

√ 2 – CT 020395  Head                           3087.20

√ 2 – BT02 1095  6" High Double        767.60
     Side Knives & Holders
    4 – B32244  Spacer Bar              231.28

√ 2 – BT082294  8" High Double         570.74
     Side Knives & Holders

√ 2 – Classic Table Plates and         1069.12
     Wear Strips

NOT REQUIRED IF DEPENDS ON COMPUTER TAPE

     ★ Feeding
       1 – C34207  Hinged Gate      N/A   549.15
                   or
       2 – Special B32310 – LR     N/A   504.36
       Feeder Pawls
       ★ Neither required with the
       Center Pusher Option

√ V – Wheel Mounting and 2 – re-foot
   sections of track for moving in and out
   of line                              1833.88

   Delivery – January 1997
              L LATE
           L POW
         (2 DE 96)

BES 0002

02/18/1995  04:05   8047398957                    BESSER COMPANY                              PAGE  03
3-27-1995 8:41PM      FROM
1996 9:35AM    PACH E R MFG CO INC 3172798828                                                   P. 3



CM-24 HFRC    230-460/3/60
f.o.b  Kokomo, IN        $69,911.30

Standard —
  A-B 1745-LP151 Controller
  1 7/16 Stroke
  Top Access Cutting Table
  Replaceable Knife Tips
  Cross Knives for Splitting 8"
     Return Corners

Options —
  Center Pusher Conversion for NC
Feeding Retaining Wall - $1,800.00
  A-B 503 Computer and
Linear Transducer      - $8400.00  NC

Rockwood Series —
Cuttage Stone (1 stamen unit @ time)
  2- CT 32091  Head          2,628.00
* 1- C34207  Hinged Gate      840.25
    (if the Center Pusher option  NA
   is not purchased)
  2- BT 061525 Double Side    592.89
     Knives and Holders
  2- B34181 Table Plates,    2,048.46
   Wear Strips and Guides

BES 0003

## MODEL CM-24 HFRC
### (Contour-Matic 24 inch Hydrofeed Return Corner)

Because of the ever increasing demand for split mitered retaining wall block as well as a more efficient method of splitting return corners, the CM-24HFRC was developed to split these units along with the regular structural block. The splitter drive components have been increased no handle the additional power required. Two new features are standard on the CM-24HFRC to reduce change-over time: Replaceable knife tips and the top access cutting table.

The splitter can be located anywhere in the line preferably directly behind the depalleter.

The customer must specify on which side the cross knives are to be located.

**Block Flow** ————→

⊢ 16

⊢ 9    9 ⊣

24" Variable Contour-Matic Heads-Standard

Right Hand Cross Knife Installation Shown

**Standard Specifications---**
Standard Voltage - 230 or 460/3/60
Splitter Drive Motor - 7-1/2 Horsepower with Clutch Brake
Hydraulic Power Unit - 15 Horsepower Motor, 60 gallon reservoir, Vickers PVB-19 Piston Pump External suction and return filters.
Electrical Controls - NEMA 12, Allen-Bradley SLC150 Programmable Controller
Cycle Rate - (60 cycle current) based on 3-5/8" block per pallet - 21-23 split cycles per minute.
Block Sizes - Height - 1-5/8" thru 8"
Length - 12" thru 24"
Width - 7" thru 24"
(Prior to Split)
24 Inch Variable Contour-Matic heads with Replaceable Knife Tips.
Cross Knives for 8" Return Corners.
End Knives and Holders for 7-5/8" Block.
Top Access Cutting Table
Hydraulic Components - Vickers - All Pressure Reducing Modules and Directional Valves Mounted on a Predrilled Manifold.
End Knives - Pressure Adjustable from 400 to 1200 psi
Index Cylinders and Conveyor Drive - Hydraulic Pressure Controlled by Pressure Reducing Modules, Deceleration Circuit Prior to Split.
Long Throw Eccentric Shafts (1-7/16 stroke) for Lipped Retaining Wall Block.
Shipping Weight - 7080 pounds
**Options---**
Keystone Option - Regular and Garden Unit
Anchor Systems Option - Diamond, Windsor Sierra, Aztec
Designer Series Option
Oil Heater and or Cooler
End Knives and Holders for 3-5/8" High Block

BES 0004

BES 0005



# E&R MANUFACTURING CO., INC.

P. O. BOX 68 • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

FAX # 317-279-8828

*It's gone!*
*If you have an order for a Hydroversal,*
*we had better know the spec's ASAP*
*Thanks!*

Date __2-25-97__

TO *Brian* _____    FAX Number _____

---

**ALWAYS LIST HAZARDOUS MATERIALS FIRST IN DESCRIPTION OF ARTICLES COLUMN.**

Moore @ Speediaset ® - Patented    306

**STRAIGHT BILL OF LADING - SHORT FORM - Original-Not Negotiable**
RECEIVED, subject to the classifications and tariffs in effect on the date of issue of this Original Bill of lading.

NOT to be used for ORDER NOTIFY SHIPMENTS.

DATE FEBRUARY 20, 1997

# YELLOW FREIGHT SYSTEM, INC. YFSY

(NAME OF CARRIER)

601    IND 021 690795 5

| CUSTOMER P.O. NO. | ROUTE | (SCAC) | SHIPPER'S NUMBER |
|---|---|---|---|

CONSIGNEE COUCH INCORPORATED
On COD Shipments the letters "COD" must appear before consignee's name.

FROM: SHIPPER    E & R MFG CO INC

STREET HIGHWAY "29" NORTH

STREET    504 N. ILL. ST

(DESTINATION) CITY, STATE, ZIP ANDALUSIA, AL 36420

(ORIGIN) CITY, STATE, ZIP KIRKLIN, IN 46050

C.O.D.    AMT $    COD    IS CUSTOMER'S CHECK ACCEPTABLE FOR C.O.D.    YES    NO

DECLARED VALUE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. If the value is omitted, the shipment will be subject to the lowest actual or released value.

| NO. SHIPPING UNITS | (X) HM | KIND OF PACKAGING, DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS (LIST HAZARDOUS MATERIALS FIRST) | WEIGHT LBS. (SUBJECT TO CORRECTION) |
|---|---|---|---|
| 2 | | SKIDS   CM-24HFRC PLUS PARTS | 8872 |
| | | ITEM #117630   CLASS 85 | |
| | | *Prepaid* | |

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

$_____

per _____

Subject to Section 7 of the conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ (Signature of Consignor)

**YELLOW FREIGHT LIABILITY:** Shipments valued at more than $50 per lb. are of extraordinary value. Carrier's maximum liability is $50 per lb., subject to $250,000 maximum total liability, unless the shipper requests excess coverage (at an additional charge) on the bill of lading.

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading, the property described above in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated above which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of, said property over all or any portion of said route to destination and as to each party at any time interested in all or any said property, that every service to be performed hereunder shall be subject to all the bill of lading terms and conditions in the governing classification on the date of shipment. Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

OD-136 (REVISED 7/92)
PRINTED IN U.S.A.

| SHIPPER: | F & R MFG CO INC | YELLOW FREIGHT SYSTEM, INC. | |
|---|---|---|---|
| PER: | MARILYN A. PRICE | DRIVER *M. Davis* | TRAILER 94385 |
| | *Marilyn A. Price* | PIECES ② | DATE 2-25-97 |

**MARK "X" IN "HM" COLUMN FOR HAZARDOUS MATERIALS**

FEB 25 '97 14:26    3172798828    PAGE.001



## E&R MANUFACTURING CO., INC.

MFG. CO.    P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

DATE 02/25/97    INVOICE NO. 9731

ORIGINAL INVOICE

| SOLD TO | SHIP TO |
|---------|---------|
| BESSER COMPANY<br>801 JOHNSON STREET<br>P.O. Box 336<br>ALPENA, MI 49707 | COUCH, INCORPORATED<br>ANDALUSIA PLANT-JOB 260<br>HIGHWAY 29 NORTH<br>ANDALUSIA, AL 36420 |

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. | JOB NO. |
|----------|----------|---------------|------------|-----------|-------|---------|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 | |

TERMS —Net 30 days    SHIPPING INSTRUCTIONS YELLOW FRT PREPAID    SPECIAL INSTRUCTIONS

| ORDER | SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|-------|------|-----|-------------|-------------|------------|--------|
| 1 | 1 | 0 | CM-24HFRC | CM-24 HF RETURN CORNER<br>440/3/60, SERIAL 46574<br>CROSS KNIVES LEFT SIDE<br>CONTROL PANEL & VALVES ON<br>OPPOSITE SIDE FROM STANDARD | 51,929.040 EA | 51,929.04 |
| 1 | 1 | 0 | A-B 503 | WITH LENEAR TRANDUCER AND<br>CENTER PUSHER OPTION<br>ROCKWOOD COTTAGE STONE--- | 1,810.000 EA | 1,810.00 |
| 2 | 2 | 0 | CT32071 | HEAD | 1,051.200 EA | 2,102.40 |
| 2 | 2 | 0 | ST061595 | DOUBLE SIDE KNIVES AND<br>HOLDERS 3/0 X 1-1/2 KNIVES | 219.105 EA | 438.21 |
| 2 | 2 | 0 | 834JR1 | KEYSTONE TOP PLATE-6 | 305.580 EA | 611.76 |
| | | | | CONTINUED NEXT PAGE | | |

IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT

| | TAXES | | | | | |
|---|---|---|---|---|---|---|
| | 3 | 2 | 1 | | | |

PAY THIS AMOUNT

## E&R MANUFACTURING CO., INC.

MFG. CO.    P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

DATE 02/25/97    INVOICE NO. 9731

ORIGINAL INVOICE

| SOLD TO | SHIP TO |
|---------|---------|
| BESSER COMPANY<br>801 JOHNSON STREET<br>P.O. Box 336<br>ALPENA, MI 49707 | COUCH, INCORPORATED<br>ANDALUSIA PLANT-JOB 260<br>HIGHWAY 29 NORTH<br>ANDALUSIA, AL 36420 |

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. | JOB NO. |
|----------|----------|---------------|------------|-----------|-------|---------|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 | |

TERMS —Net 30 days    SHIPPING INSTRUCTIONS YELLOW FRT PREPAID    SPECIAL INSTRUCTIONS

| ORDER | SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|-------|------|-----|-------------|-------------|------------|--------|
| | | | | CONTINUED | | |
| 4 | 4 | 0 | A28148 | TABLE WEAR STRIP-4" | 14.120 ea | 56.48 |
| 4 | 4 | 0 | A28149 | Table Wear Strip 2 1/2" | 13.360 ea | 53.44 |
| 1 | 1 | 0 | SPEC | TABLE EXT & GUIDES | 116.940 EA | 116.94 |
| | | | | ROCKWOOD CLASSIS-6"STRAIGHT | | |
| 4 | 4 | 0 | 832344 | SPACER BAR- 6" | 46.260 EA | 185.04 |
| 2 | 2 | 0 | 832343 | KNIFE HOLDER - 6" BLOCK | 108.390 EA | 216.78 |
| 2 | 2 | 0 | 832342 | END KNIFE - 6" BLOCK | 47.080 EA | 94.16 |
| 2 | 2 | 0 | FF2753 | 1/2-13 X 3 1/4 HHCS GR8 NCZN | 1.080 ea | 2.16 |
| 2 | 2 | 0 | FF410A | 1/2-13 Nylon Insert | 0.260 ea | 0.52 |
| | | | | CONTINUED NEXT PAGE | | |

IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT

| | TAXES | | | | | |
|---|---|---|---|---|---|---|
| | 3 | 2 | 1 | | | |

PAY THIS AMOUNT

BES 0006



**E&R MANUFACTURING CO., INC.**
MFG. CO.  P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

DATE 02/25/97    INVOICE NO. 9731

ORIGINAL INVOICE

SOLD TO:
BESSER COMPANY
801 JOHNSON STREET
P.O. Box 336
ALPENA, MI 49707

SHIP TO:
COUCH, INCORPORATED
ANDALUSIA PLANT-JOB 260
HIGHWAY 29 NORTH
ANDALUSIA, AL 36420

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. |
|---|---|---|---|---|---|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 |

TERMS: Net 30 days
SHIPPING INSTRUCTIONS: YELLOW FRT PREPAID
SPECIAL INSTRUCTIONS:
JOB NO.

| ORDER | SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | CONTINUED | | |
| | | | | ROCKWOOD CLASSIC-BEVELED | | |
| 2 | 2 | 0 | CT020375 | HEAD | 1,234.880 EA | 2,469.76 |
| 2 | 2 | 0 | BT122094 | CLASSIC TOP PLATE | 305.880 EA | 611.76 |
| 0 | 0 | 0 | A28140 | TABLE WEAR STRIP-4" | 14.120 ea | 162.96 |
| 4 | 4 | 0 | A28149 | Table Wear Strip 2 1/2" | 13.360 ea | 53.44 |
| 2 | 2 | 0 | BT121796 | CLASSIC TABLE INSERT | 37.980 EA | 75.96 |
| | | | | CLASSIC CAP- 4" | | |
| 2 | 2 | 0 | BT001596 | EXT DBL SIDE KNIVES & HOLDER | 219.110 EA | 438.22 |
| | | | | CLASSIC - 6" HIGH | | |
| | | | | CONTINUED NEXT PAGE | | |

IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT

| TAXES | 3 | 2 | 1 | PAY THIS AMOUNT |
|---|---|---|---|---|

---

**E&R MANUFACTURING CO., INC.**
MFG. CO.  P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

DATE 02/25/97    INVOICE NO. 9731

ORIGINAL INVOICE

SOLD TO:
BESSER COMPANY
801 JOHNSON STREET
P.O. Box 336
ALPENA, MI 49707

SHIP TO:
COUCH, INCORPORATED
ANDALUSIA PLANT-JOB 260
HIGHWAY 29 NORTH
ANDALUSIA, AL 36420

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. |
|---|---|---|---|---|---|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 |

TERMS: Net 30 days
SHIPPING INSTRUCTIONS: YELLOW FRT PREPAID
SPECIAL INSTRUCTIONS:
JOB NO.

| ORDER | SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | CONTINUED | | |
| 2 | 2 | 0 | BT021093 | EXT DBL SIDE KNIVES & HOLDER | 307.040 EA | 614.08 |
| | | | | CLASSIC - 8" HIGH | | |
| 2 | 2 | 0 | BT082294 | EXT DBL SIDE KNIVES & HOLDER | 348.295 EA | 696.59 |
| | | | | ROCKWOOD EZ BALL | | |
| | | | | (CENTER CROSS KNIVES) | | |
| 4 | 4 | 0 | A34169-975 | CROSS KNIFE - 9-3/4 | 171.380 EA | 685.52 |
| 4 | 4 | 0 | A34172 | CROSS KNIFE MOUNT | 84.730 EA | 338.92 |
| 4 | 4 | 0 | A34174 | CROSS KNIFE REST | 20.490 EA | 81.96 |
| 4 | 4 | 0 | A34173 | CROSS KNIFE MOUNT REST | 32.860 EA | 131.44 |
| | | | | CONTINUED NEXT PAGE | | |

IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT

| TAXES | 3 | 2 | 1 | PAY THIS AMOUNT |
|---|---|---|---|---|

BES 0007



**E&R MANUFACTURING CO., INC.**

MFG. CO.

P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

| 02/25/97 | 9731 |
|---|---|
| DATE | INVOICE NO. |

ORIGINAL INVOICE

SOLD: BESSER COMPANY
801 JOHNSON STREET
P.O. Box 336
ALPENA, MI 49707

SHIP TO: COUCH, INCORPORATED
ANDALUSIA PLANT-JOB 340
HIGHWAY 29 NORTH
ANDALUSIA, AL 36420

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. | JOB NO. |
|---|---|---|---|---|---|---|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 | |

TERMS: —Net 30 days
SHIPPING INSTRUCTIONS: YELLOW FRT PREPAID

| ORDER | SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | CONTINUED | | |
| 8 | 8 | 0 | A34191 | CROSS KNIFE REST SHIM | 9.050 EA | 72.40 |
| 8 | 8 | 0 | A34192 | CROSS KNIFE MOUNT SHIM | 9.670 EA | 69.36 |
| 4 | 4 | 0 | H4912 | 1/2-13x1-1/4 Soc Hd C/S Plai | 1.120 ea | 4.48 |
| 4 | 4 | 0 | FF4518 | 1/2 Lockwasher Hi Collar Pla | 0.170 ea | 0.68 |
| 8 | 8 | 0 | FF2757 | 1/2-13 X 3 1/2 HHCS GR5 NCZN | 1.130 ea | 9.04 |
| 8 | 8 | 0 | FF4403 | 1/2 Lockwasher PLAIN | 0.160 ea | 1.28 |
| 8 | 8 | 0 | FF5293 | 3/8-16x1-3/4 F.H.C/S Plain | 0.670 ea | 5.36 |
| 1 | 1 | 0 | INSTALL | FACTORY INSTALLATION CENTER | 660.000 EA | 660.00 |
| | | | | CROSS KNIVES | | |
| 2 | 2 | 0 | B34177 | LINE BLOCK TOP PLATE | 220.580 EA | 441.16 |
| 12 | 12 | 0 | A28148 | TABLE WEAR STRIP-4" | 14.120 ea | 169.44 |
| | | | | CONTINUED NEXT PAGE | | |

IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT

| | | TAXES | | | | PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| | 3 | | 2 | 1 | | |

---

**E&R MANUFACTURING CO., INC.**

MFG. CO.

P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

| 02/25/97 | 9731 |
|---|---|
| DATE | INVOICE NO. |

ORIGINAL INVOICE

SOLD: BESSER COMPANY
801 JOHNSON STREET
P.O. Box 336
ALPENA, MI 49707

SHIP TO: COUCH, INCORPORATED
ANDALUSIA PLANT-JOB 260
HIGHWAY 29 NORTH
ANDALUSIA, AL 36420

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. | JOB NO. |
|---|---|---|---|---|---|---|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 | |

TERMS: —Net 30 days
SHIPPING INSTRUCTIONS: YELLOW FRT PREPAID

| ORDER | SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | CONTINUED | | |
| | | | | --V-WHEEL COMPONENTS | | |
| 4 | 4 | 0 | A34152 | V-Groove Wheel  W-B V-1 | 80.770 ea | 323.08 |
| 4 | 4 | 0 | A34153 | Spanner Bushing  SB-1 | 4.450 ea | 17.80 |
| 2 | 2 | 0 | B34215 | V-WHEEL MOUNTING ANGLE* | 170.590 EA | 341.18 |
| 4 | 4 | 0 | C34214 | WHEEL MOUNTING PLATE | 99.920 EA | 399.68 |
| 8 | 8 | 0 | FF2835 | 5/8-11 X 2 1/2 HHCS GR5 NCZN | 1.270 ea | 10.16 |
| 8 | 8 | 0 | FF4415 | 5/8 Lockwasher Plain | 0.220 ea | 1.76 |
| 8 | 8 | 0 | FF5563 | 5/8-11 Hex Nut NC ZN | 0.320 ea | 2.56 |
| 8 | 8 | 0 | A101008 | Sheave Pin Head | 1.810 ea. | 14.48 |
| | | | | CONTINUED NEXT PAGE | | |

IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT

| | | TAXES | | | | PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| | 3 | | 2 | 1 | | |

BES 0008



**E&R MANUFACTURING CO., INC.**

MFG. CO.  P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8828

| | DATE | INVOICE NO. |
|---|---|---|
| | 02/25/97 | 9/31 |
| | | ORIGINAL INVOICE |

| | SOLD TO | SHIP TO |
|---|---|---|
| | BESSER COMPANY | COUCH, INCORPORATED |
| | 801 JOHNSON STREET | ANDALUSIA PLANT—JOB 250 |
| | P.O. Box 336 | HIGHWAY 29 NORTH |
| | ALPENA, MI 49707 | ANDALUSIA, AL 36420 |

| CUSTOMER | P.O. NO. | OUR ORDER NO. | ORDER DATE | SHIP DATE | SLSM. |
|---|---|---|---|---|---|
| 2894 | 46729 | 166 | 2/19/97 | 2/25/97 | 40 |

| TERMS | SHIPPING INSTRUCTIONS | SPECIAL INSTRUCTIONS | JOB NO. |
|---|---|---|---|
| Net 30 days | YELLOW FRT PREPAID | | |

| QUANTITY ORDER'D | SHIP'D | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | CONTINUED | | |
| 4 | 4 | 0 | FF2454 | 3/4-16 UNF X 6 LONG | 3.500 EA | 14.00 |
| 4 | 4 | 0 | FF19852 | 3/4-16Hex Nut SAE L9 | 2.840 ea | 11.36 |
| 4 | 4 | 0 | FF19856 | 3/4 Flat Washer SAE L/9 ZN | 1.040 ea | 4.16 |
| 2 | 2 | 0 | TRACK | 20 FOOT SECTION TRACK | 346.830 EA | 693.66 |

| IF PAYMENT IS MADE WITHIN OUR TERMS DEDUCT | | 3 | TAXES 2 | 1 | | PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 67,194.69 |

BCI15233

BES 0009



# &R MANUFACTURING CO., INC.

| | 03/04/97 | 9757 |
|---|---|---|
| | DATE | INVOICE NO. |

P.O. BOX 68 • NORTH ILLINOIS STREET • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

ORIGINAL INVOI

BESSER COMPANY
801 JOHNSON STREET
P.O. Box 336
ALPENA, MI 49707

SHIP TO   SAME

*Ship Directs*

*Billed 21 JE97*

| ER 394 | P.O. NO. | OUR ORDER NO. 216 | ORDER DATE 3/04/97 | SHIP DATE 3/04/97 | SLSM. 40 |
|---|---|---|---|---|---|

| TERMS 30 days | SHIPPING INSTRUCTIONS | SPECIAL INSTRUCTIONS | JOB NO. |
|---|---|---|---|

| QNTY SHIP | B/O | ITEM NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | | YELLOW FRT ON COUCH INC.<br>HWY 29 NORTH<br>ANDALUSIA, AL 36420<br>BESSER PO# 46729 | | 1,784. |
| | | | YELLOW FRT ON CENTRAL BLDRS<br>ISLAND PARK<br>SUNBURY, PA 17801<br>BESSER PO# 45252 | | 914. |

BC115233
BC111819

x-3
5903/440
314

| IS MADE TERMS | | TAXES | | | | PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| 0.00 | | 3<br>0.00 | 2<br>0.00 | 1<br>0.00 | 0.00 | 2,698.4 |

PLEASE detach at perforation and RETURN LOWER PORTION OF INVOICE WITH PAYMENT, or indicate Freight Bill # on your remittance.

**JW**

ATE:    02/21/97
E DATE: 02/24/97    AT: YTS    13:11
S:       PREPAID
R #:     NS

TO:

& R MFG CO INC
04 N ILLINOIS
IRKLIN IN 46050

FREIGHT BILL NUMBER (CK):  021-690783    6

**REMIT TO**   USE THIS ADDRESS FOR REMITANCE ONLY.

| PAY THIS AMOUNT | ► | US DOLLARS $914.07 |
|---|---|---|

CREDIT PERIOD 15 DAYS, PAYMENT DUE 03/11/97

YELLOW FREIGHT SYSTEM, INC.
P.O. BOX 73149
CHICAGO IL 60673-7149

BES 0010



YELLOW FREIGHT SYSTEM, INC.(YFSY)    QUESTIONS?   CONTACT YELLOW AT:
FED. I.D. #44-0594708                PHONE:  1-800-610-6500
**INVOICE**                          YELLOW FREIGHT SYSTEM, INC.
KEEP THIS PORTION FOR YOUR RECORDS   P.O. BOX 5901
ORIGINAL INVOICE                     TOPEKA, KS  66605-0901

REIGHT BILL NUMBER (CK)
021-690795      5

L  TE: 02/25/97
T/ORG: EVR/IND

SIGNEE:                              E & R MFG CO INC
GH INCORPORATED                      504 N ILLINOIS
 29 NORTH                            KIRKLIN IN 46050
ALUSIA AL 36420

PPER:
R MFG CO INC
N ILL ST
KLIN IN 46050

 #:     N/A
PPER #: NS

ES        DESCRIPTION                          CLASS   WEIGHT   RATE    EXTENSION
 2        SKIDS CM-24HFRC PLUS PTS               85     8872
          I-117630 C-85                          85    10000    1758    1758.00
                                          AS
          FUEL SURCHARGE                                       %01.5      26.37
PCS                                                   TTL WGT
 2                                                     8872

| | PREPAID | **AMOUNT DUE** |
|---|---|---|
| | PAYMENT DUE | US DOLLARS |
| | BY    03/13/97 | $1,784.37 |

RETURN ENVELOPES ARE NOW OFFERED UPON REQUEST.
CONTACT CUSTOMER SERVICE AT THE PHONE# ABOVE.

T TO:
LLOW FREIGHT SYSTEM, INC.
O. BOX 73149
ICAGO IL 60673-7149

PLEASE detach at perforation and RETURN LOWER PORTION OF INVOICE WITH PAYMENT, or indicate Freight Bill # on your remittance.

LLOW

 DATE: 02/25/97

ICE DATE: 02/26/97    AT: YTS    13:17    FREIGHT BILL NUMBER (CK): 021-690795    5
GES:      PREPAID
PER #:  NS                            **REMIT TO**   USE THIS ADDRESS FOR   | PAY THIS | US DOLLARS |
                                                     REMITTANCE ONLY.        | AMOUNT   | $1,784.37  |
 TO:
                                      CREDIT PERIOD 15 DAYS, PAYMENT DUE 03/13/97
E & R MFG CO INC
504 N ILLINOIS
K  LIN IN 46050
                                      YELLOW FREIGHT SYSTEM, INC.
                                      P.O. BOX 73149
                                      CHICAGO IL 60673-7149

                                                          BES 0011

                                      021690795400017843749



**E&R MANUFACTURING CO., INC.**

MFG. CO.

P. O. BOX 68 • KIRKLIN, INDIANA 46050, U.S.A. • (317) 279-8826

FAX # 317-279-8828

Date _2/10/97_

TO _Briz_ FAX Number _____

FROM: _Ron_

NUMBER OF PAGES _1_

COMMENTS _Ref: Couch PO# 45655_
_You had better double check the_
_shipping address. I have heard that_
_it is to be shopped to a different plant._

BES 0012

SCQ65a                    *     Additional Addresses Browse     *       02/14/97

Customer Code        5572                                Short Name   COUCH/ANDALUSIA
Customer Name        COUCH, INCORPORATED (PLANT #260)
Addr Code            Name and Address                              Zip Code

    36420            COUCH, INCORPORATED
                     ANDALUSIA PLANT - JOB #260
                     HIGHWAY 29 NORTH
                     ANDALUSIA, AL

                                                          36420




Next Addr Code
 I1899: PREVIOUS TRANSACTION COMPLETED *
BROWSE              NEXT TRANS CODE

BES 0013

# E & R Mfg. Co., Inc.

## Mission Statement

It is our mission to continue to improve the design, quality, and safety of our products while extending our utmost attention to the past and future customers' needs.

Maintaining world markets, profitability, and respect for the environment through total employee involvement shall be our policy.



PLAINTIFF'S
EXHIBIT

11



**North American Manufacturers Insurance Company Limited**



PLAINTIFF'S EXHIBIT

12

July 20, 1993

Mr. Ronald Neese
E&R MANUFACTURING
504 N. Illinois Street
P.O. Box 68
Kirklin, IN  46050

# CONGRATULATIONS!

On behalf of NAMIC's Executive Committee, we're pleased to present you with this NAMIC Superior Performance Award.  This award confirms your company's commitment to product safety as evidenced by your adoption of the American National Standards Institute (ANSI) guidelines for the design of safety signs and labels.  NAMIC is pleased to assist you and is happy to enclose the attached check and to have helped defray some of your developmental expenses, while you continue to pioneer advancement in the effort to develop effective hazard warnings through the thoughtful design process.

It's this spirit of cooperation and commitment to loss control that enable you and NAMIC to be so successful in the reduction of potential injuries and in the defense of lawsuits alleging a product defect due to failure to warn.  We encourage you to continue displaying this fine standard of excellence.

## NAMIC CLAIMS & LOSS CONTROL COMMITTEE



## WARNING LABEL LOCATIONS

| | PART NO. | DESCRIPTION | NO. REQ'D |
|---|---|---|---|
| 1 | A25146 | **CAUTION**-Starts & Stops Automatically | 1 |
| 2 | B32314 | **DANGER**-Hazardous Voltage | 1 |
| 3 | B32313 | Lockout Procedure | 1 |
| 4 | A25147 | Keep Hands Clear | 4 |
| 5 | A32316 | **DANGER**-Pinch Point | 2 |
| 6 | A32329 | **WARNING** - Keep Guard | 3 |
| 7 | A32331 | **WARNING** - Guard Removed | 3 |
| 8 | B32315 | **DANGER** - Blade Hazard | 2 |
| 9 | A32330 | **WARNING** - Blade Guard Removed | 2 |



PLAINTIFF'S EXHIBIT

lp

Case 2:06-cv-00412-WHA-TFM    Document 53-11    Filed 08/21/2007    Page 31 of 35
General requirements for all machines. - 1910.212
Page 1 of 3



# U.S. Department of Labor
## Occupational Safety & Health Administration



***www.osha.gov***   MyOSHA __ Search [____] 🔍 Advanced Search | A

Regulations (Standards - 29 CFR)
# General requirements for all machines. - 1910.212

Regulations (Standards - 29 CFR) - Table of Contents

- **Part Number:**        1910
- **Part Title:**         Occupational Safety and Health Standards
- **Subpart:**            O
- **Subpart Title:**      Machinery and Machine Guarding
- **Standard Number:**    1910.212
- **Title:**              General requirements for all machines.

### 1910.212(a)

Machine guarding.

**PLAINTIFF'S EXHIBIT**
*19*

### 1910.212(a)(1)

Types of guarding. One or more methods of machine guarding shall be provided to protect the operator and other employees in the machine area from hazards such as those created by point of operation, ingoing nip points, rotating parts, flying chips and sparks. Examples of guarding methods are-barrier guards, two-hand tripping devices,electronic safety devices, etc.

### 1910.212(a)(2)

General requirements for machine guards. Guards shall be affixed to the machine where possible and secured elsewhere if for any reason attachment to the machine is not possible. The guard shall be such that it does not offer an accident hazard in itself.

### 1910.212(a)(3)

Point of operation guarding.

### 1910.212(a)(3)(i)

Point of operation is the area on a machine where work is actually performed upon the material being processed.

### ..*1910.212(a)(3)(ii)*

### 1910.212(a)(3)(ii)

The point of operation of machines whose operation exposes an employee to injury, shall be guarded. The guarding device shall be in conformity with any appropriate standards therefor, or, in the absence of applicable specific standards, shall be so designed and constructed as to prevent the operator from having any part of his body

in the danger zone during the operating cycle.

**1910.212(a)(3)(iii)**

Special handtools for placing and removing material shall be such as to permit easy handling of material without the operator placing a hand in the danger zone. Such tools shall not be in lieu of other guarding required by this section, but can only be used to supplement protection provided.

**1910.212(a)(3)(iv)**

The following are some of the machines which usually require point of operation guarding:

**1910.212(a)(3)(iv)(a)**

Guillotine cutters.

**1910.212(a)(3)(iv)(b)**

Shears.

**1910.212(a)(3)(iv)(c)**

Alligator shears.

**1910.212(a)(3)(iv)(d)**

Power presses.

**1910.212(a)(3)(iv)(e)**

Milling machines.

**1910.212(a)(3)(iv)(f)**

Power saws.

**1910.212(a)(3)(iv)(g)**

Jointers.

*..1910.212(a)(3)(iv)(h)*

**1910.212(a)(3)(iv)(h)**

Portable power tools.

**1910.212(a)(3)(iv)(i)**

Forming rolls and calenders.

General requirements for all machines. - 1910.212

### 1910.212(a)(4)

Barrels, containers, and drums. Revolving drums, barrels, and containers shall be guarded by an enclosure which is interlocked with the drive mechanism, so that the barrel, drum, or container cannot revolve unless the guard enclosure is in place.

### 1910.212(a)(5)

Exposure of blades. When the periphery of the blades of a fan is less than seven (7) feet above the floor or working level, the blades shall be guarded. The guard shall have openings no larger than one-half (1/2) inch.

### 1910.212(b)

Anchoring fixed machinery. Machines designed for a fixed location shall be securely anchored to prevent walking or moving.

Next Standard (1910.213)

Regulations (Standards - 29 CFR) - Table of Contents

Back to Top                    www.osha.gov

Contact Us | Freedom of Information Act | Customer Survey
Privacy and Security Statement | Disclaimers

Occupational Safety & Health Administration
200 Constitution Avenue, NW
Washington, DC 20210



# Color Photos
# WILL NOT SCAN

# Available for conventional viewing in the Clerk's Office