**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID JACKSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.** |
| | ) | **2:06-CV0412-WHA** |
| | ) | |
| **E&R MANUFACTURING CO., INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT E&R MANUFACTURING, CO., INC.'S REPLY TO PLAINTIFF'S**
**RESPONSE AND BRIEF IN OPPOSITION TO SUMMARY JUDGMENT**

COMES NOW the Defendant, E&R Manufacturing, Co., Inc., and hereby submits this Reply to Plaintiff's Response and Brief in Opposition to Summary Judgment and as grounds states unto this Honorable Court as follows:

Plaintiff, David Jackson (hereinafter "Jackson") avers in his Response and Brief in Opposition to Defendant E&R's Motion for Summary Judgment that summary judgment is inappropriate and lists five points as to why he believes such.

**Liability Under the Alabama Extended Manufacturer's Liability Doctrine**

On page 14 of his Response, Plaintiff states that the subject machine in which Plaintiff was injured was unreasonably dangerous and defective and as such, E&R is liable under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). In fact, he alleges that it is undisputed that he suffered injury and damages while operating the splitter machine manufactured by E&R, that E&R was engaged in the business of

selling such a product, and that the machine was in the substantial condition it was sold in at the time of his accident.

As stated in E&R's Brief in Support of Summary Judgment, in order to establish liability under the Alabama Extended Manufacturer's Liability Doctrine the Plaintiff must show (1) the defendant placed a defective product on the market which was unreasonably dangerous and which caused injury or damage; (2) the defendant was engaged in the business of selling the product; and (3) the product was expected to and did reach the user or consumer without substantial change in condition. See Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465 (11th Cir. 1993), *citing* Casrell v. Altec Industries, Inc., 335 So.2d 128, 132-133 (Ala. 1976).  While the subject machine did ultimately cause the Plaintiff's injuries, it is quite evident that the machine was not defective and/or unreasonably dangerous. In fact, if anything, the ultimate cause of Plaintiff's injuries was not due to a defective product (i.e. splitter machine) but rather Plaintiff's own negligent conduct. Plaintiff himself testified during his deposition that he did not feel that the block splitter machine was unreasonably dangerous.

> Q:     Did you feel like this machine was dangerous?
> A.     I mean, no, because I worked construction all my life, so,
>        you know, danger is in everything you do. So, I didn't look
>        at it as any danger.
> …
> Q.     Did you feel like this machine was unreasonably
>        dangerous?
> A.     No dangerous than any other job.

(Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment
54:5-8; 56: 6-7; 15).

Clearly, when reviewing the elements of AELMD, David Jackson has failed to prove that the Defendants are liable. The only thing that Jackson has proved is that he

suffered injuries from this splitter machine; injuries that clearly were the result of his own negligent and careless conduct. Thus, the Plaintiff has plainly and unequivocally failed to prove that E&R placed a "defective" product on the market which was unreasonably dangerous and as such, summary judgment is more than appropriate in this matter.

### Defendant's Duty to Warn

As addressed in Defendant E&R's Brief in Opposition to Summary Judgment, in order to make a prima facie case of negligent failure to warn, the plaintiff must provide at least a scintilla of evidence that defendant breached a duty, and that the breach proximately caused plaintiff's injuries. Gurley v. American Honda Motor Co., Inc. 505 So.2d 358, 361 (Ala. 1987). It is also well settled that a manufacturer is under no duty to warn a user of every danger which may exist during the use of the product, especially when such danger is open and obvious. Id. *citing* General Electric Co. v. Mack, 375 So.2d 452 (Ala. 1979). The objective of placing a duty to warn on the manufacturer of a product is to acquaint the user with a danger of which he is not aware, and there is no duty to warn when the danger is obvious. Id. *citing* Ford Motor Co. v. Rodgers, 337 So.2d 736 (Ala. 1976). Additionally, where a warning is necessary, the warning need only be one that is reasonable under the circumstances and it need not be the best possible warning. Id. at 361.

The Plaintiff is attempting to illustrate to this Court that the Defendants cannot show they are relieved of their duty to warn in this case under AEMLD or negligence principles. In addition, Plaintiff purports that the Defendants cannot prove that the hazards of the splitter were open and obvious to him. Plaintiff states in his response on page 21 that "there were really no warnings on this machine and that the only sign

located where the Plaintiff was standing stated, Keep Hands Clear and that this sign was ambiguous." He further states in his response that he understood this sign to mean keep hands clear when the machine cycled, since he was "allegedly" trained to clear the debris in between cycles. However, this is clearly not the case.

Plaintiff's deposition testimony actually reveals that he was more than aware of the existence of the warning sign posted on the splitter where he was standing which stated "Keep Hands Clear" but that he hardly ever paid any attention to it. It was further his testimony that he was aware that this machine could cause significant injuries to his hands if he put his hand into the machine and the side knives closed.

> Q.    If you put your hand in there and the side knives closed,
>        would it injure your hand?
> A.    **Well of course.**
> Q.    And you knew that before this accident, didn't you?
> A.    **Of course, I knew that.**
>
> (Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment,
> 20:18-23). [Emphasis Added].
> …
> Q.    … And you knew that if you didn't beat the cycle, it would
>        injure your hand badly; isn't that true?
> A.    **Well, it's just common sense, but, yes.**
>
> (Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment,
> 43:10-14). [Emphasis Added].

As stated above, a manufacturer is under no duty to warn a user of every danger which may exist during the use of the product, especially when such danger is open and obvious. In addition, it is well settled that a warning, if necessary, need only be one that is reasonable under the circumstances and it need not be the best possible warning. Clearly, there was a warning sticker posted on the splitter which was in plain site of the Plaintiff (i.e. located right in front of where he stood to work the machine). This warning

may not have been the "best" possible warning; however, it notified the Plaintiff of the dangers associated with placing his hands in this machine and was certainly reasonable under the circumstances. As such, summary judgment is proper and is due to be granted.

### Plaintiff is Guilty under the Doctrines of Contributory Negligence And Assumption of the Risk

In Plaintiff's Response and Brief in Opposition to Summary Judgment, Plaintiff contends that E&R cannot meet their burden of proving with undisputed evidence that David Jackson subjectively appreciated any risk of injury when clearing debris in the splitter machine. Plaintiff offers testimony from his deposition in an attempt to show that he could not have subjectively appreciated any risk; however, this testimony is merely being used by Plaintiff in an attempt to confuse, deceive and mislead this Court. Plaintiff conveniently leaves out an important part of his deposition that would certainly show that he appreciated the danger under the surrounding circumstances. In fact, his testimony actually reads as follows:

> Q.     … And you know that if didn't beat the cycle, it would injure your hand badly; isn't that true?
> A.     **Well, it's just common sense, but, yes.**
> Q.     I mean, common sense is what you know, you know what I mean. So you knew that at the time that you put your hand in there, that if you didn't beat the cycle, it was going to cut your hand off or injure your hand, is that true?....
> In other words, if that block comes in there while your hand is there, you knew before you were injured that it would hurt your hand, isn't that true, and badly hurt it?
> A.     **I knew it could hurt you, but that don't mean that you still ain't got to go and do what you got to do.**

(Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment, 43:10-19; 44:3-9) [Emphasis Added].

….

> Q.      If you put your hand in there and side knives closed, would
>         it injure your hand?
> A.      **Well, of course.**
> Q.      And you knew that before this accident, didn't you?
> A.      **Of course, I knew that.**

(Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment,
20:18-23) [Emphasis Added].

It is quite evident from reading this testimony that Jackson had knowledge of the dangerous condition; that he appreciated the danger under the surrounding circumstances; and that he failed to exercise reasonable care, thereby placing himself in the way of danger.

In addition to the misuse of his own testimony, Plaintiff has offered a video which was part of the Rule 26 disclosures offered in the case of Karry Mackey (plant supervisor). This video is clearly not relevant to this case. Plaintiff is attempting to show through this video that he had approximately 10 seconds between each cycle to place his hands in this machine; however, his testimony actually reveals that he had approximately 2 to 3 seconds in order to "clear debris."

> Q.      How long between cycles?
> A.      **Couple seconds, it ain't long.**
> Q.      So you got two seconds to do that?
> ....
> A.      … Two.

(Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment,
38:18-20; 39:7).

Additionally, Plaintiff offers testimony that he was trained to place his hands in the machine between the cycles and therefore could not be said to involve unreasonable misconduct. However, the testimony of John Stephens, who trained Jackson, reveals otherwise.

Q.    Did you train Mr. Jackson?
A.    Yes.
Q.    On the operation or how to pull chunks?
A.    Yes.
Q.    And how to clean debris?
A.    Yes.
Q.    What did you tell him?
A.    **Do not stick your hands in the side knives, use the stick**
      **or cut the machine off.**

(Exhibit 3 of Def. E&R's Brief in Support of Summary Judgment,
65:9-20). [Emphasis Added].

Clearly, this is evidence that Plaintiff was acting unreasonable under the
circumstances and summary judgment is proper. It is quite evident that Jackson knew and
appreciated at the moment he placed his hands in the splitter that his hand could become
injured. Thus, summary judgment is due to be granted.

Plaintiff's next point in his Response and Brief to Defendants Motion for
Summary Judgment suggests that the defense of assumption of the risk is not proper.
According to the case of <u>Reynolds v. Bridgestone/Firestone, Inc.</u>, 989 F.2d 465 (11th Cir.
1993), "assumption of the risk is a form of contributory negligence and the defense of
assumption of the risk requires proof of three elements: (1) knowledge by the plaintiff of
the condition; (2) appreciation by the plaintiff of the danger or risk posed by that
condition; and (3) a voluntary, affirmative exposure to the danger or risk."

The overwhelming testimony of Plaintiff presented in this case clearly shows that
Jackson appreciated the risk of injury. It is completely undisputed in this matter that the
Plaintiff had knowledge of the dangers associated with this machine (see Plaintiff's
testimony presented above). The evidence is also clear that not only were there posted
warning signs which stated, keep hands clear, but the danger posed by the machine was
open and obvious. In fact, the Plaintiff's deposition testimony revealed that he knew the

sign was there but that he hardly ever paid any attention to it. Furthermore, Plaintiff acknowledged that he was aware that this machine could cause significant injuries as it was his testimony that he knew if he put his hand in the machine and the side knives closed that it would injure his hand. Thus, the first element of assumption of the risk was met. Next, Plaintiff knew and appreciated the risks and dangers associated with this machine and he was aware that the danger of the side knives was open and obvious. Again, he was aware that if he placed his hand in the block splitter while it was still running that it could cause significant injuries to his hand. Finally, the testimony in this matter is undisputed and clear that the Plaintiff willfully and voluntarily stuck his hand into this machine while it was running with full knowledge of the potential consequences.

Thus, Plaintiff clearly assumed the risk and therefore, summary judgment is proper and is due to be granted.

## Whether Defendants' are Guilty of Wanton Conduct

Plaintiff's fourth point states that the Defendants are guilty of wanton conduct in that the Defendants have known since the late 1980's that the splitter machine involved in Plaintiff's accident was unreasonably dangerous and defective, and would continue to cause accidents and injuries unless the point of operation was properly guarded. Plaintiff also contends that the Defendants were given recommendation as to how the machine could be properly guarded; however, the Defendants failed to heed such information. Plaintiff attempts to further offer evidence that since these alleged recommendations were presented to the Defendants there have been nine (9) accidents documented involving amputations and other injuries to workers trying to clear debris and unjam block splitter machines.

However, this testimony is clearly erroneous and without truth. In fact, in over 30 years there have only been approximately two (2) accidents in the entire country that are relatively similar to Plaintiff's accident. Clearly, this does not establish wanton conduct.

"Wantonness" is defined as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. <u>McDougle v. Shaddrix</u>, 534 So.2d 228 (Ala. 1988). After a review of the aforementioned case law, it is quite evident that the Defendants are not guilty of wanton conduct. In fact, the following testimony of Ronald E. Neese evidences such:

> Q.    Any other injuries like that? Are you aware of any others?
> A.    I know of maybe one or two over the last 30 years.
>
> (Ronald E. Neese Deposition attached as Exhibit 1, 31:21-23)
>
> …
>
> Q.    Is there a number of accidents that you would have to be aware of before you would think that it would be a safety hazard or a concern for the operator of these machines in becoming injured like this, like the plaintiff was?
> A.    I would say -- I don't know that we could put any number on it. **We have built 1,200 machines, and our number of injuries is very slight**.
>
> (Exhibit 1, 32:16-23).

Certainly, this does not show that there is substantial evidence from which anyone could conclude that the Defendants acted with wantonness and reckless disregard in this matter. As a result, Defendant E&R's Motion for Summary Judgment is due to be granted.

### <u>The Risk to Plaintiff was Open and Obvious</u>

In his fifth and final point, Plaintiff argues that the Defendants cannot meet their

burden of proving that the risks and/or dangers associated with this machine were open and obvious. However, this is without merit.

As stated in E&R's Brief in Support of Summary Judgment, the danger exhibited by the side knives was open and obvious to the Plaintiff. Jackson testified during his deposition that he knew the dangers and risks associated with placing his hands in or around the splitter's side knives:

> Q.   … You had seen that block being split before, correct?
> A.   After I had starting working there, yes, sir.
> Q.   And had you seen the side knives split the block before your accident?
> A.   Yes.
> Q.   So, you saw that the side knives were sharp, correct?
> A.   I wouldn't say they were sharp… they are a blunt type blade.
> Q.   If you put your hand in there and [the] side knives closed, would it injure your hand?
> A.   **Well of course.**
> Q.   And you knew that before this accident, didn't you?
> A.   **Of course, I knew that.**

(Exhibit 2 of Def. E&R's Brief in Support of Summary Judgment, 20:5-23).

Thus, the Plaintiff was well aware of the dangers and risks associated with running the block splitter machine. Furthermore, as evidenced by the aforementioned testimony, Jackson was familiar with the block splitter and knew that if he placed his hands where the side knives were located it would cause significant injury to his hand. As such, summary judgment is proper and is due to be granted.

## Conclusion

Based on the foregoing, Defendant, E&R Manufacturing, Co., Inc., requests that this Honorable Court grant summary judgment in favor of E&R Manufacturing and

against Jackson on each of Jackson's claims alleged in his Complaint against E&R

Manufacturing.

RESPECTFULLY submitted this the 29th day of August, 2007.

/s/ Steadman S. Shealy, Jr.
Attorney for Defendant E & R Mfg.
Co., Inc.

OF COUNSEL:
Shealy, Crum & Pike, P.C.
2346 West Main Street
Suite 1
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel: (334) 677-3000
Fax: (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a copy of the foregoing, properly
addressed and postage prepaid, to:

Mark Andrews                      Cory Curtis
3334 Ross Clark Circle            Baker & Hostetler, LLP
Post Office Box 1649             303 East 17th Avenue
Dothan, Alabama 36302            Suite 1100
                                  Denver, CO 80203

Constance C. Walker
Thomas T. Gallion, III
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, Alabama 36103-4660

This the 29th day of August, 2007.

/s/ Steadman S. Shealy, Jr.
OF COUNSEL