IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>E & R MANUFACTURING CO., INC., and )<br>BESSER COMPANY, et al., )<br>)<br>DEFENDANTS. ) | CIVIL ACTION NO.:<br>2:06 CV0412-.DRB |

**PLAINTIFF'S MOTION TO SUPPLMENT PLAINTIFF'S RESPONSE TO DEFENDANTS, E&R MANUFACTURING CO., INC., AND BESSER COMPANY'S MOTIONS FOR SUMMARY JUDGMENT AS TO AFFIDAVIT CITATIONS**

COMES NOW the Plaintiff in the above styled matter and moves this Court to allow Plaintiff to supplement its response to Defendants, E&R Manufacturing Co., Inc., and Besser Company's Motions for Summary Judgment with regard to citations to Affidavit testimony saying as follows:

1. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 10 of Plaintiff's brief should read as follows: "As a result of that accident and lawsuit, Dr. Igor Paul an engineer with MIT evaluated the subject model CM24 block splitter, and made findings and recommendations as to the design and guards on the splitter. (Neese, 36:3-8; See also affidavit and Rule 26 disclosures from Dr. Igor Paul, attached hereto as Exhibit 11: p.1; p.2; p.4, paragraph numbered 3)."

2. Plaintiff's citation to the affidavit of Dr. Igor Paul from page 10 to page 11 of Plaintiff's brief should read as follows: "Dr. Paul's design would have prevented David Jackson's accident. (See Paul Affidavit Exhibit 11: p. 4, paragraph numbered 3, paragraph numbered 4; p. 5, paragraph numbered 5, paragraph numbered 6; p.6)."

3. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 11 of Plaintiff's brief should read as follows: "Dr. Paul's design does not create any additional hazard, is feasible, and would protect the worker. (Paul Affidavit 11: p.4, paragraph numbered 3.)"

4. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 13 of Plaintiff's brief should read as follows: "Barrier guards were available when the subject machine was manufactured and sold, and could have been used as a means of guarding the subject splitter. (Rondeau, 96: 12-21; See also Exhibit 11: p.4, paragraph numbered 3.)"

5. Plaintiff's citations to the affidavit of Dr. Igor Paul and the affidavit of Dr. Farhad Booeshaghi on Page 15 of Plaintiff's brief should read as follows: "The facts herein reveal that a safer, practical, alternative design was already available to Defendants when the subject block splitter was manufactured and sold, and that it did not contain "some safety feature[s]". Id. Therefore the splitter was unreasonably dangerous and defective. (See Paul Affidavit Exhibit 11: p.1; p.2; p.3, paragraph numbered 1; p.4, paragraph numbered 3, paragraph numbered 4; p.5, paragraph numbered 6; p.6. See Also Exhibit 12: p.8, paragraph numbered 15, 16, 17 and 19.)"

6. Plaintiff's citations to the affidavit of Dr. Igor Paul and the affidavit of Dr. Farhad Booeshaghi on Pages 16 and 17 of Plaintiff's brief should read as follows: "There is clear evidence that there were alternative designs available for the subject splitter at the time it was manufactured and sold that would have eliminated or reduced the risk of plaintiff's injuries. (See Dr. Paul Affidavit, Exhibit 11: p.1; p.2; p.3, paragraph numbered 1; p.4, paragraph numbered 3, paragraph numbered 4; p.5, paragraph numbered 6; p.6. See also Dr.

Booeshaghi Affidavit, Exhibit 12: p.8, paragraphs numbered 15, 16, and 17; p.9., paragraph 23.)[1]"

7. Plaintiff's citations to the affidavit of Dr. Igor Paul and the affidavit of Dr. Farhad Booeshaghi on Page 17 of Plaintiff's brief should read as follows: "There is clear expert testimony in this case that the subject splitter was unreasonably dangerous and defective. (Dr. Paul Affidavit Exhibit.11: p.1; p.2; p.3, paragraph numbered 1, paragraph numbered 2; p.4, paragraph numbered 4; p.5, paragraph numbered 5, paragraph numbered 6, paragraph numbered 7; p.6.  Dr. Booeshaghi Affidavit Ex 12: p.8, paragraph numbered 19)"

8. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 17 of Plaintiff's brief should read as follows: "Experts also explain that that Mr. Jackson's injuries would have been substantially lessened or eliminated if the subject splitter machine had been equipped with the available safety devices. (See Exhibit 11: p.4, paragraph numbered 3, paragraph numbered 4; p.6.)"

9. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 17 of Plaintiff's brief should read as follows:  "Dr. Igor Paul recommended feasible safety guards and designs, however Defendants refused to implement them.  (Dr. Paul Affidavit, Ex. 11: p.1; p.2; p.4, paragraph numbered 3.)"

10. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 17 of Plaintiff's brief should read as follows:  "Dr. Paul recommended a system of gates and guards, and other safety devices, that would allow blocks to be split and debris to be cleared between cycles without risk of injury. (Dr. Paul Affidavit, Exhibit 11: p. 2; p.4, paragraph numbered 3.)"

---

[1] Expert depositions have not been taken in this case.  Expert Affidavits are attached hereto.

11. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 17 of Plaintiff's brief should read as follows: "Dr. Paul advised Defendants their block splitter would continue to cause accidents and injuries unless the point of operation, at the knives, was properly guarded. (Dr. Paul Affidavit, Exhibit 11: p.4, paragraph numbered 3.)"

12. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 17 of Plaintiff's brief should read as follows: "Dr. Paul's recommended a point of operation guarding system had been successfully used in similar industrial applications. (Ex. 11: p.1, p.4, paragraph numbered 3.)"

13. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 17 of Plaintiff's brief should read as follows: "The design by Dr. Paul would have provided positive operator safety, would not interfere with the machine function, was feasible and would not pose any hazard to the operator. (See Exhibit 11 p.4, paragraph numbered 3.)"

14. Plaintiff's citation to the affidavit of Dr. Igor Paul on Page 46 of Plaintiff's brief should read as follows: "Defendants have known since at least the late 1980's that the splitter machine involved in Plaintiff's accident was unreasonably dangerous and defective, and would continue to cause accidents and injuries unless the point of operation was properly guarded. (See Paul Affidavit, Ex. 11: p.1; p.2; .4, paragraph numbered 3; p.5, paragraph numbered 6.)"

Respectfully submitted this the __30th____ day of August, 2007.

**MORRIS, CARY, ANDREWS,**
**TALMADGE & DRIGGERS, LLC**


_____/s/__S. Mark Andrews._____
S. Mark Andrews (AND063)
Attorney for Plaintiffs
P.O. Box 1649
Dothan, Alabama  36302
(334) 792-1420

## CERTIFICATE OF SERVICE

I, hereby certify that I have this the __30th __day of August, 2007, mailed a copy of the foregoing, postage prepaid and properly addressed, to:

Steadman S. Shealy, Jr.
SHEALY, CRUM & PIKE
P.O. Box 6346
Dothan, AL 36302-6346

Cory M. Curtis
BAKER & HOSTETLER, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203


_____/s/ S. Mark Andrews_____
S. Mark Andrews (AND063)