## "EXHIBIT A"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| DAVID JACKSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO.: |
| ) | 2:06 CV0412-.DRB |
| E & R MANUFACTURING CO., INC., and ) | |
| BESSER COMPANY, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT BESSER'S REPLY BRIEF
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Expert depositions have not been taken in this case, and, pursuant to Rule 56 F.R.C.P, plaintiff attached affidavits from Dr. Igor Paul and Dr. Farhad Booeshaghi to his Response Brief to both Defendant Besser's and Defendant E&R's Motions for Summary Judgment. Defendant Besser, in its Reply Brief, under section II (a) on page 4, asserts that the Affidavits of Dr. Igor Paul and Dr. Farhad Booeshaghi are "unreliable and inadmissible". However, the Affidavits of Dr. Igor Paul and Dr. Farhad Booeshaghi clearly comply with Rule 56(e) affidavit requirements. Both affidavits indicate that the testimony and statements contained therein are based on the personal knowledge of Dr. Igor Paul and Dr. Farhad Booeshaghi. Both affidavits contain the expert's CV's and therefore contain and reference the Dr. Paul's and Dr. Booeshaghi's qualifications to render their opinions as set forth in their affidavits. The basis of the opinions of Dr. Paul and Dr. Booeshaghi are based upon factual findings and evidence as set forth in their affidavits. For example, Dr. Paul indicates:

"based upon my review of the materials you forwarded with respect to this case (as per the attached list), based upon my knowledge of the history and practice of industrial plant and safety standards, based upon my experience with machinery of this type in general, and this particular concrete splitting machine, in particular, and based upon my education, background, and experience…. My professional opinions are based on the materials I have reviewed to date and my prior knowledge of this machine which I gained when I was retained by the Defendants in 1989 to evaluate the design of the block splitting machine when it was involved in a very similar accident which had occurred in 1985." (Affidavit of Dr. Igor Paul, Exhibit 11 of Plaintiff's Response to Defendants Motion for Summary Judgment at p.2).

Dr. Paul attached a list of materials he reviewed in formulating his opinions that includes deposition testimony and applicable safety standards related to the block splitter. Additionally, Dr. Paul sets forth in his Affidavit on page 3, paragraph numbered 2, that he had reviewed certain OSHA and ANSI standards, and on page 4, paragraph numbered 2, certain other accident prevention manuals published by the National Safety Council.

Moreover, while Dr. Paul's Affidavit sets forth his expert opinions, Dr. Paul's Affidavit is also offered for his factual testimony revealing the Defendants were made aware of alternative feasible designs and as to the unreasonably dangerous and defective condition of their product by him some twenty (20) years ago.  Dr. Paul's factual testimony as set forth in his affidavit is certainly not subject to testing, peer review, or field studies.  It is strange to note Besser's efforts to discredit an expert apparently previously relied upon by these Defendants.

As it relates to Dr. Booeshaghi's Affidavit, the testimony therein is based upon his personal knowledge and sets forth the factual items reviewed by Dr. Booeshaghi including personal inspection of the machine, deposition testimony, photographs, engineering drawings, OSHA and ANSI standards as set forth in his affidavit. (See Affidavit of Dr. Booeshaghi, Exhibit 12 of Plaintiff's Response to Defendants Motion for Summary

Judgment at p.1; p.2, paragraph numbered 1 thru 9.) Additionally, Dr. Booeshaghi sets forth the facts upon which he basis his opinions on pages 3, 4, 5 and 6, and in paragraphs numbered 1 thru 26 of his affidavit. Dr. Booeshaghi clearly sets forth the opinion based upon his engineering education, training, and experience as well as review of the factual findings as set forth in his affidavit and attachments. (See Exhibit 12: p.3, 4, 5, 6, 7, 8, and 9, paragraphs 1 thru 26.) Dr. Boosheaghi's CV is attached to his affidavit that sets forth his qualifications to render opinions as set forth in his affidavit. Clearly Plaintiff's expert Affidavits are reliable and comply with Rule 56(e) the affidavit requirements.

Dr. Paul's and Dr. Booeshaghi's depositions are currently being scheduled. Besser, no doubt, will learn the feasibility of Dr. Paul's designs, and have an opportunity to question the basis of all opinions expressed by Dr. Paul and Dr. Booeshaghi in their Affidavits. Neither affidavit is based on hearsay, both affidavits and the attachments therewith support that Dr's Paul and Booeshaghi are qualified to render the opinions they express, and both set forth the facts upon which they rely in expressing their opinions.

Defendant Besser also cited two new cases not previously cited in their original brief. Defendant Besser now seeks to relay on *Entrekin v. Atlantic Richfield Co.,* 519 So.2d. 447 (Ala. 1997) and *Motley v. Bell Helicopter Textron, Inc.,* 892 F. Supp. 249 (M.D. Ala. 1995). These cases are clearly distinguishable from the facts in the instant action. First, the *Entrekin* opinion followed a jury trial and following a directed verdict. Apparently even the facts in *Entrekin* were not proper for summary judgment. The *Entrekin* Court also made a specific finding that the involved product was being misused. There was also no evidence in the *Entrekin* case, which was a warnings case, from any expert that any product was unreasonably dangerous or defective and put to its intended and foreseeable use. In the

instant action there is no evidence that the product was being misused, in fact, it was being used as it was intended and as anticipated and certainly in a foreseeable manner. (Neese, 58:14-25; 59:1-2)  Unlike *Entrekin*, there is abundant expert testimony in the instant action that the subject block splitter was unreasonably dangerous and defective when put to its intended and foreseeable use.  Also, unlike the plaintiff in *Entrekin*, there is ample evidence that Plaintiff Jackson had no appreciation of any danger that his gloved hand would be caught on a bolt or that he was at risk of amputation while clearing debris from the splitter in the manner that the product manufacturer intended and reasonably anticipated. *Entrekin* is factually distinguishable.

      Defendant's reliance upon dicta in the *Motley v. Bell Helicopter* case is also misplaced.  The plaintiff in *Motley* is specifically told to stand on the engine deck, not the helicopter roof, to perform the activity he was engaged in.  The plaintiff in Jackson was standing in the area where the defendant manufacturers intended for him to stand.  (Deposition of Ron Neese, 128: 1-7; Depositoin of Duane Rondeau, 70:7-25; 71: 1-14)  Additionally, *Motley* involved a helicopter with a continual motion of helicopter blades.  The instant action involves a splitter machine with a cycle.  The plaintiff in *Motley* placed himself in immediate danger in an area other than where he had been trained and other than where the product manufacturer anticipated or intended him to be.  That is not the case in the instant action.  There was no evidence of any training in *Motley* that the plaintiff was expected by the manufacturer to perform his work in a zone of danger between machine cycles as was David Jackson.  Jackson was not reaching into moving blades, but rather reached in between cycles in which the manufacturers intended and in a manner that was reasonable and foreseeable by the Defendant.  Both *Entrekin* and *Motley* are as

distinguishable from this action as the *Doege* and *Tomlinson* opinions as set forth in Plaintiff's response to Defendant's Motion for Summary Judgment.

Finally, Defendant Besser argues against the video and similar accidents produced in discovery in this case.[1] The accident reports were produced by Besser in discovery as being documentation of accidents similar to Plaintiff Jackson's accident. "When a document is produced by a party during discovery, that party waives the right to object to the admission of the document on the basis of its genuineness or authenticity. *Hampton v. Bruno's, Inc., 646 So. 2d 597, 600 (Ala. 1994).* Besser's corporate representative testified that the accident reports were made and kept in the ordinary course of Besser's business. (Deposition of Duane Rondeau, 216:9-18)  They are offered by Jackson, among other things, as proof of notice of similar accidents and of the defective and dangerous nature of their product. The video was also produced by a party to this action, though since dismissed, and is offered, among other things, to depict the machine and the workplace where Plaintiff Jackson was injured. The machine is not a declarant, and its cycles are not statements subject to hearsay rules. Regardless, "[t]he general rule is that otherwise admissible evidence can be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form. *McMillian v. Johnson, 88 F.3d 1573, 1584 (1996); England v. Compass Bank, 1999 U.S. Dist. LEXIS 21964, 39-40 (D. Ala. 1999).*

---

[1] Though Besser argues it did not have the video, the video was produced by Defendant Mackey in his discovery responses and/or in his Rule 26 initial disclosures in this case, and has been the subject of much cross examination of virtually every witness deposed in this action.

Respectfully submitted this the __31st____ day of August, 2007.

                                        **MORRIS, CARY, ANDREWS,**
                                        **TALMADGE & DRIGGERS, LLC**

                                    _____/s/ S. Mark Andrews_____
                                    S. Mark Andrews (AND063)
                                    Attorney for Plaintiffs
                                    P.O. Box 1649
                                    Dothan, Alabama  36302
                                    (334) 792-1420

## **CERTIFICATE OF SERVICE**

I, hereby certify that I have this the ___31st___ day of August, 2007, mailed a copy of the foregoing, postage prepaid and properly addressed, to:

Steadman S. Shealy, Jr.
SHEALY, CRUM & PIKE
P.O. Box 6346
Dothan, AL 36302-6346

Cory M. Curtis
BAKER & HOSTETLER, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

                                    _____/s/ S. Mark Andrews_____
                                      S. Mark Andrews (AND063)